1  John A. Conkle (SB# 117849)
    *j.conkle@conklelaw.com*
2  Amanda R. Washton (SB# 227541)
    *a.washton@conklelaw.com*
3  CONKLE, KREMER & ENGEL
   Professional Law Corporation
4  3130 Wilshire Boulevard, Suite 500
   Santa Monica, California 90403-2351
5  Phone: (310) 998-9100 • Fax: (310) 998-9109

6  Michael M. Lafeber (*pro hac vice* pending)
    *mlafeber@taftlaw.com*
7  O. Joseph Balthazor Jr. (*pro hac vice* pending)
    *jbalthazor@taftlaw.com*
8  **TAFT STETTINIUS & HOLLISTER LLP**
   2200 IDS Center
9  80 S. 8th St.
   Minneapolis, MN 55402
10 Tel: 612.977.8400
   Fax: 612.977.8650
11
   Attorneys for Movant
12 Dexon Computer, Inc.

13

14

15                  UNITED STATES DISTRICT COURT

16                 NORTHERN DISTRICT OF CALIFORNIA

17

18 | CISCO SYSTEMS, INC., and | Case No. 3:20-cv-4926 |
   | CISCO TECHNOLOGY, INC., | |
19 | | **DEFENDANT DEXON** |
   | Plaintiff, | **COMPUTER, INC.'S NOTICE OF** |
20 | | **MOTION AND MOTION TO** |
   | v. | **DISMISS FOR LACK OF** |
21 | | **PERSONAL JURISDICTION** |
   | DEXON COMPUTER, INC., | |
22 | | Date:  November 5, 2020 |
   | Defendant. | Time: 10:00 a.m. |
23 | | Crtrm: |

24

25

26

27

28

0640.002\9998                           -1-                    Case No. 3:20-cv-4926

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2    PLEASE TAKE NOTICE that on November 5, 2020, at 10:00 a.m., or as soon

3    thereafter as counsel may be heard, Defendant Dexon Computer, Inc. ("Dexon") will

4    move under Rule 12(b)(2) of the Federal Rules of Civil Procedure for an order

5    dismissing all claims in Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc.'s

6    ("Cisco") Complaint for lack of personal jurisdiction or, alternatively, for an order

7    transferring this action under 28 U.S.C. § 1404, to the United States District Court of

8    Minnesota.

9    This Motion is based on this Notice of Motion and Motion; the following

10   Memorandum of Points and Authorities; the Declaration of Stephen O'Neil in

11   Support of Dexon's Motion to Dismiss ("O'Neil Decl.") and the exhibits attached

12   thereto; the record in this matter; and such other and further papers, evidence, and

13   argument as may be submitted to support this Motion.

14

15

16   Dated:  September 25, 2020          John A. Conkle,
17                                       Amanda R. Washton, member of
                                         CONKLE, KREMER & ENGEL
18                                       Professional Law Corporation

19

20

21                                       By:  */s/John A. Conkle*
22                                            John A. Conkle
                                              Attorneys for Movant
23                                            Dexon Computer, Inc.

24

25

26

27

28

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1

2

**TABLE OF CONTENTS**

3

**Page**

4

I.      INTRODUCTION ..........................................................................................................6

5

II.     FACTUAL BACKGROUND .......................................................................................7

6

        A.      DEXON COMPUTER, INC. .............................................................................7

7

        B.      THIS LAWSUIT ...............................................................................................8

8

III.    ARGUMENT .................................................................................................................8

9

        A.      PERSONAL JURISDICTION ..........................................................................8

10

                1.      Legal Standard .....................................................................................8

11

                2.      No General Jurisdiction .....................................................................10

12

                3.      No Specific Jurisdiction .....................................................................11

13

                        a.      Sales to third parties outside California ...........................12

14

                        b.      Shipments to Cisco's Investigators in California .............14

15

                        c.      Purchases from a defendant in Related Litigation ..........15

16

        B.      TRANSFER ......................................................................................................17

17

                1.      Legal Standard ...................................................................................17

18

                2.      The Private and Public Interest Factors Favor Transfer .............17

19

IV.     CONCLUSION .............................................................................................................18

20

21

22

23

24

25

26

27

28

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1

# TABLE OF AUTHORITIES

2                                                                                              **Page**

3
## CASES

*Adobe Sys. Inc. v. Trinity Software Distrib., Inc.*,
    No. 12-cv-1614(SI), 2012 WL 3763643 (N.D. Cal. Aug. 29, 2012) .............. 14

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
    874 F.3d 1064 (9th Cir. 2017) ................................................................. passim

*Ayla, LLC v. Alya Skin Pty. Ltd.*,
    No. 19-cv-00679(HSG), 2019 WL 5963149 (N.D. Cal. Nov. 13, 2019) ....... 14

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
    223 F.3d 1082 (9th Cir. 2000) ................................................................... 11

*Brand v. Menlove Dodge*,
    796 F.2d 1070 (9th Cir. 1986) ................................................................... 11

*Burger King v. Rudzewicz*,
    471 U.S. 462 (1985) ........................................................................... 12, 16

*Calder v. Jones*,
    465 U.S. 783 (1984) ................................................................. 10, 12, 15

*Cisco Sys. Inc. v. Link US, LLC*,
    No. 18-cv-07576-CRB, 2019 WL 6682838 (N.D. Cal. Dec. 6, 2019) ............. 9

*Clarus Transphase Scientific, Inc. v. Q-Ray, Inc.*,
    No. 06-cv-3450(JF/RS), 2006 WL 2374738 (N.D. Cal. Aug. 16, 2006)........ 14

*CollegeSource, Inc. v. AcademyOne, Inc.*,
    653 F.3d 1066 (9th Cir. 2011) ................................................................... 12

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................................................... 9

*Data Disc, Inc. v. Systems Tech. Assoc., Inc.*,
    557 F.2d 1280 (9th Cir. 1977) ..................................................................... 9

*Dole Food Co. v. Watts*,
    303 F.3d 1104 (9th Cir. 2002) ................................................................... 17

*Dow Chem. Co. v. Calderon*,
    422 F.3d 827 (9th Cir. 2005) ....................................................................... 9

*Five Star Gourmet Foods, Inc. v. Fresh Express, Inc.*,
    No. 19-CV-05611-PJH, 2020 WL 1244918 (N.D. Cal. Mar. 16, 2020)......... 13

*Flynt Distrib. Co. v. Harvey*,
    734 F.2d 1389 (9th Cir. 1984) ..................................................................... 9

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clemens Ltd.*,
   328 F.3d. 1122 (9th Cir. 2003) ...................................................................................... 9

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ..................................................................................................... 10

*Hughes v. Wal–Mart Stores, Inc.*,
   250 F.3d 618 (8th Cir. 2001) ....................................................................................... 18

*Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. &*
   *Placement*,
   326 U.S. 310 (1945) ....................................................................................................... 9

*Jones v. GNC Franchising, Inc.*,
   211 F.3d 495 (9th Cir. 2000) ....................................................................................... 17

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) ....................................................................................... 18

*Matson Navigation Co., Inc. v. Sherwin-Williams Co.*,
   No. 17-cv-00081(EDL), 2017 WL 7310771 (N.D. Cal. Sept. 11, 2017) ....... 16

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ................................................................................ passim

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ......................................................................................... 9

*Theos Med. Sys., Inc. v. Nytone Med. Prod., Inc.*,
   No. 19-cv-01092(VKD), 2020 WL 500511 (N.D. Cal. Jan. 31, 2020) .......... 14

*Toro Co. v. Hunter Indus. Inc.*,
   No. 14-cv-4463 (MJD/FLN), 2015 WL 4545403 (D. Minn. July 27,
   2015) ............................................................................................................................... 18

*Walden v. Fiore*,
   571 U.S. 287 (2014) ............................................................................................... 13, 15

**STATUTES**

15 U.S.C. § 1114 ....................................................................................................................... 8

15 U.S.C. § 1125 ....................................................................................................................... 8

28 U.S.C. § 1404 ................................................................................................................. 2, 17

Cal. Bus. Prof. Code §§ 17200 et seq. ................................................................................. 8

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3           As the saying goes, no good deed goes unpunished.  Over a year ago, Cisco
4    served Dexon with a subpoena seeking documents allegedly relevant to a lawsuit
5    currently pending in this district against several alleged manufacturers and
6    distributors of counterfeit Cisco product (*Cisco Systems, Inc., et al. v. Sheikh, et al.*,
7    No. 4:18-cv-7602(YGR) (N.D. Cal.) (the "Related Litigation")).  Dexon, a non-party
8    to the Related Litigation, objected to the breadth of the subpoena.  However, Dexon
9    voluntarily agreed to produce all of its purchase orders relating to PureFutureTech,
10   LLC ("PFT"), a Defendant in the Related Litigation and the sole entity identified in
11   Cisco's subpoena from which Dexon purchased allegedly counterfeit Cisco products.

12          Claiming the subpoenaed information was highly relevant and critical to the
13   Related Litigation, Cisco continued to demand all of Dexon's records, including
14   confidential information disclosing the identity of and contact information for
15   Dexon's end customers.  (O'Neil Decl., Ex. B).

16          Cisco ultimately brought a motion to compel in the District of Minnesota.  *Id.*
17   The Court sided with Dexon and determined the subpoena was overbroad.  *Id.*  In fact,
18   Dexon was ultimately required to produce less than it originally voluntarily offered
19   to produce.  *Id.*  Specifically, the Court only required Dexon to produce documents
20   covering products for which Cisco could make an adequate showing of potential
21   counterfeiting.  *Id.*

22          In addition to complying with the Court's Order, Dexon continued to assist
23   Cisco in its anti-counterfeiting efforts, including working with its end customers to
24   supply Cisco with digital console read-outs for certain products.

25

26

27

28

0640.002\9998                                      -6-                          Case No. 3:20-cv-4926

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    Just four months later, Cisco filed the present lawsuit naming Dexon—an
2    innocent "middleman" computer reseller—as a party.  The timing of the lawsuit is
3    suspect.  In addition to coming on the heels of its unsuccessful subpoena, the majority
4    of the allegations in the complaint involve sales occurring several years ago.
5    Accordingly, Dexon is understandably concerned the lawsuit is merely an attempt to
6    obtain the information Cisco previously claimed was highly relevant and critical to
7    the Related Litigation by naming Dexon as a party.

8    Regardless, there is absolutely no basis for personal jurisdiction over Dexon in
9    California.  Dexon does not have any offices, employees, or agents in California.
10   Moreover, Dexon has a de minimis amount of sales to California customers.  In fact,
11   the sole alleged relevant contacts between Dexon and California are the efforts of
12   Cisco's own personal investigators to attempt to "set up" Dexon by soliciting Dexon
13   sales into California.  It is well-established that such "self-created" contacts with the
14   forum do not satisfy the minimum contacts requirement under the Due Process
15   Clause.  Accordingly, this Court should dismiss the Complaint in its entirety for lack
16   of personal jurisdiction.

17   Alternatively, because the majority of potential witnesses reside in Minnesota,
18   and because the majority of discoverable and relevant evidence is housed or stored in
19   Minnesota, this Court should transfer this case to the United States District Court of
20   Minnesota.

21   **II.    FACTUAL BACKGROUND**

22   **A.    DEXON COMPUTER, INC.**

23   Dexon is a Minnesota corporation that was founded in 1992.  (O'Neil Decl., ¶
24   2).  It sells, rents, and services new, refurbished, and discontinued networking
25   hardware.  (*Id*., ¶ 3).  Some of its product offerings include routers, servers, switches,
26   transceivers and phones.  (*Id*.).

27

28

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    Dexon has one office, which is in Bloomington, Minnesota.  (*Id*., ¶ 4).  Its

2    registered agent's address is in Minneapolis, Minnesota.  (*Id*.).   Dexon has

3    approximately 23 employees, all of whom reside and physically work in Minnesota.

4    (*Id*., ¶ 5).  Dexon does not have any employees, offices, or service-of-process agents

5    in California.  (*Id*., ¶ 6).  It is not licensed to do business in California, owns no

6    property in California, and pays no taxes there.  (*Id*., ¶ 7).  Dexon does not do any

7    direct advertising in California.  Specifically, Dexon does not run any print, television

8    or radio ads with circulation in or near California.  (*Id*., ¶ 8)

9    Dexon has sold a de minimis amount of product to customers with a California

10    shipping address.  Specifically, for the period July 1, 2017 thru December 31, 2019,

11    just 2.9% of Dexon's revenue from Cisco products involved customers with a

12    California shipping address. (*Id*., ¶ 9).  Such products are often drop-shipped directly

13    from Dexon's third-party suppliers and vendors.  (*Id*.).

14    **B.    THIS LAWSUIT**

15    After working with Cisco for more than a year to produce documents allegedly

16    relevant to the Related Litigation, and only after the District of Minnesota rejected

17    Cisco's attempts to force non-party Dexon to produce a much broader scope of

18    documents, Cisco filed this lawsuit in the Northern District of California on July 22,

19    2020.  (Doc. No. 1).  The five-count Complaint asserts claims against Dexon for (1)

20    federal trademark infringement under 15 U.S.C. § 1114; (2) federal trademark

21    counterfeiting under 15 U.S.C. § 1114; (3) false designation of origin under 15 U.S.C.

22    § 1125; (4) unfair competition under Cal. Bus. Prof. Code §§ 17200 et seq.; and (5)

23    unjust enrichment.  (*Id*., at 15-20, ¶¶ 55-84).

24    **III.   ARGUMENT**

25    **A.    PERSONAL JURISDICTION**

26    1.    <u>Legal Standard</u>

27    A defendant may move to dismiss for lack of personal jurisdiction.  Fed. R.

28    Civ. P. 12(b)(2).  The plaintiff has the burden of demonstrating that jurisdiction is

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1  proper.  *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir. 1984).  Because

2  this Court has not yet held an evidentiary hearing, the plaintiff is required only to

3  make out a prima facie case of jurisdiction, which is met if the plaintiff points to

4  "admissible evidence which, if believed, would be sufficient to establish personal

5  jurisdiction."  *Cisco Sys. Inc. v. Link US, LLC*, No. 18-cv-07576-CRB, 2019 WL

6  6682838, at *2 (N.D. Cal. Dec. 6, 2019) (citing *Harris Rutsky & Co. Ins. Servs., Inc.*

7  *v. Bell & Clemens Ltd.*, 328 F.3d. 1122, 1129 (9th Cir. 2003)).  Critically, the plaintiff

8  must cite specific evidence; "mere 'bare bones' assertions of minimum contacts with

9  [California] or legal conclusions unsupported by specific factual allegations will not

10  satisfy [the] pleading burden."  *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir.

11  2007).  In determining whether to exercise jurisdiction, this Court may consider

12  supporting affidavits.  *Data Disc, Inc. v. Systems Tech. Assoc., Inc.*, 557 F.2d 1280,

13  1285 (9th Cir. 1977).

14      Courts test personal jurisdiction over a non-resident defendant (like Dexon)

15  under a two-part analysis: the exercise of jurisdiction must (1) "satisfy the

16  requirements of the applicable long-arm statute" and (2) "comport with federal due

17  process."  *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 830 (9th Cir. 2005).

18  California's long-arm statute, however, is coterminous with Constitutional limits.

19  Cal. Civ. Proc. Code § 410.10; see *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)

20  ("California's long-arm statute allows the exercise of personal jurisdiction to the full

21  extent permissible under the U.S. Constitution.").  For that reason, the two-part

22  inquiry turns into one.  See *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797,

23  801 (9th Cir. 2004) ("[T]he jurisdictional analyses under state law and federal due

24  process are the same.").

25      To comport with federal due process, Dexon must have "certain minimum

26  contacts with [California] such that the maintenance of the suit does not offend

27  traditional notions of fair play and substantial justice."  *Int'l Shoe Co. v. State of*

28  *Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945)

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1  (quotations omitted).  The minimum contacts analysis focuses on "the relationship

2  among the defendant, the forum, and the litigation."  *Calder v. Jones*, 465 U.S. 783,

3  788 (1984) (quotation omitted)).  Personal jurisdiction over a non-resident defendant

4  may be general or specific.  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466

5  U.S. 408, 414 (1984).  Here, Cisco appears to allege both.  (Doc. No. 1).

6  2.    <u>No General Jurisdiction</u>

7  General jurisdiction arises if a defendant has "substantial" or "continuous and

8  systematic" contacts with the forum.  *Helicopteros*, 466 U.S. at 415.  "This is an

9  exacting standard, as it should be, because a finding of general jurisdiction permits a

10 defendant to be haled into court in the forum state to answer for any of its activities

11 anywhere in the world."  *Schwarzenegger*, 374 F.3d at 801.

12 Here, Cisco alleges that Dexon has sold products to California customers, "has

13 continuously operated [a] website," and "has purposefully maintained contacts within

14 the State of California for the purpose of conducting business there."  (Doc. No. 1 at

15 3, ¶ 9).  Cisco's allegations do not come close to establishing that Dexon is "at home"

16 in California.  *Daimler*, 571 U .S. at 139.

17 First, Dexon has no offices, employees, property, or agents in California.  It is

18 incorporated in Minnesota, and its principal place of business is in Minnesota.

19 Although Dexon has sold products to California residents, such de minimis sales do

20 not establish the requisite continuous and systematic contacts in the state.  *See*

21 *Helicopteros*, 466 U.S. at 418 ("[M]ere purchases, even if occurring at regular

22 intervals, are not enough" to establish general jurisdiction).  As the Supreme Court

23 has cautioned, "[i]f [Dexon]'s California activities sufficed to allow adjudication of

24 this [Minnesota]-rooted case in California, the same . . . reach would presumably be

25 available in every other State in which [Dexon]'s sales are sizable."  Daimler, 571

26 U.S. at 139.

27

28

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    Second, operating a website is not sufficient to establish general jurisdiction

2  over Dexon in California.  For example, in *Schwarzenegger v. Fred Martin Motor*

3  *Co.*, the defendant had, among other contacts, "an Internet website accessible by

4  anyone capable of using the Internet, including people living in California."  374 F.3d

5  at 801.  The Ninth Circuit reasoned that operating a website falls short of meeting the

6  general jurisdiction standard because it merely establishes that a defendant does

7  business *with* California, not in California.  *Id.* (citing *Bancroft & Masters*, 223 F.3d

8  at 1086).

9    Likewise, Cisco has failed to establish that Dexon has substantial or continuous

10  and systematic contacts with California such that it could be sued in California

11  regardless of the claim brought against it.  *See Bancroft & Masters, Inc. v. Augusta*

12  *Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) ("The standard for establishing general

13  jurisdiction is fairly high, and requires that the defendant's contacts be of the sort that

14  approximate physical presence.") (internal quotations and citations omitted)); *see also*

15  *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where

16  courts determined that no general jurisdiction existed despite significant forum

17  contacts).  For the above reasons, general jurisdiction does not exist over Dexon in

18  California.

19    3.    No Specific Jurisdiction

20    Cisco's Complaint also falls short of establishing a prima facie basis for this

21  Court to exercise specific jurisdiction over Dexon.  A court may exercise specific

22  jurisdiction over a nonresident defendant if all three of the following requirements are

23  met:

24    (1) the defendant must either purposefully direct his activities toward the
   forum or purposefully avail[] himself of the privileges of conducting
25    activities in the forum; (2) the claim must be one which arises out of or
   relates to the defendant's forum-related activities; and (3) the exercise of
26    jurisdiction must comport with fair play and substantial justice, i.e. it
   must be reasonable.

27

28  *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017)

1   (quotations omitted).   Cisco has the burden to establish the first two prongs.

2   *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011).   If

3   Cisco can do so, the burden shifts to Dexon to establish a "'compelling case' that the

4   exercise of jurisdiction would not be reasonable."   *Id.* (quoting *Burger King v.*

5   *Rudzewicz,* 471 U.S. 462, 476-78 (1985)).

6          In tort cases, courts analyze the first prong under "the purposeful direction test,"

7   which derives from the *Calder* "effects" test.   *Axiom*, 874 F.3d at 1068 (citing *Calder*

8   *v. Jones*, 465 U.S. 783 (1984)).   To satisfy the purposeful direction test, the plaintiff

9   must establish that the defendant "(1) committed an intentional act, (2) expressly

10  aimed at the forum state, (3) causing harm that the defendant knows is likely to be

11  suffered in the forum state."   *Id*. (quotation omitted).

12         Cisco relies on three types of purported contacts to attempt to force Dexon to

13  defend itself in this foreign district:

14         (1) sales to third parties outside California (Doc. No. 1 at ¶¶ 36-38, ¶¶ 40-43,

15  ¶¶ 47-52);

16         (2) shipments to Cisco investigators in California (*id*. at ¶ 39, ¶ 53); and

17         (3) purchases of products from a defendant in the Related Litigation (*id.* at ¶¶

18  44-46).

19  It is firmly established that none of these three alleged activities give rise to specific

20  jurisdiction.

21                    a.      *Sales to third parties outside California*

22         First, Cisco alleges that sales of alleged counterfeit products to states other than

23  California establish that Dexon "expressly aimed" its conduct at California.   Out of

24  the ten examples of specific contacts alleged in the complaint, seven of them involve

25  sales of allegedly counterfeit products to companies in states other than California.

26  *See* (Doc. No. 1 at ¶¶ 36-38 (Missouri), ¶ 40 (Arizona), ¶¶ 41-42 (Maryland), ¶ 43

27  (Minnesota), ¶¶ 47-48 (Kentucky), ¶ 49 (Pennsylvania), and ¶¶ 50-52 (Texas)).   In

28  fact, Cisco has failed to allege a single sale of purportedly counterfeit product by

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    Dexon to a true end consumer in California.  *See* (*id*.).

2         Cisco's allegations that Dexon intended to cause harm in California by selling

3    products outside the state do not satisfy the purposeful direction test.  Rather, the

4    Court "must look to the defendant's 'own contacts' with the forum, not to the

5    defendant's knowledge of a plaintiff's connections to a forum."  *Axiom*, 874 F.3d at

6    1069-70 (quoting *Walden v. Fiore*, 571 U.S. 287-88 (2014)).   Even if Dexon's

7    "intentional act eventually caused harm to [Cisco] in California, and [Dexon] may

8    have known that [Cisco] lived in California . . . [,] this does not confer jurisdiction . .

9    . ." *Schwarzenegger*, 374 F.3d at 807.

10        For example, in a similar case in this District also involving Cisco, Cisco

11   "incorrectly argue[d] that the effects test [wa]s satisfied by allegations that [a plaintiff]

12   intentionally infringed [Cisco's] intellectual property rights knowing [Cisco] was

13   located in the forum state." *Cisco Sys. Inc.*, 2019 WL 6682838, at *4.  The district

14   court explained that the "Ninth Circuit has held such allegations inadequate to

15   establish personal jurisdiction after *Walden v. Fiore*, 571 U.S. 277 (2014), which

16   'made clear that we must look to the defendant's 'own contacts' with the forum, not

17   to the defendant's knowledge of a plaintiff's connections to a forum.'"  *Id.* (quoting

18   *Axiom*, 874 F.3d at 1069-70 (quoting *Walden*, 571 U.S. at 287-88)).  As in that case,

19   here, Cisco improperly relies on general allegations, which is not sufficient.  *See Five*

20   *Star Gourmet Foods, Inc. v. Fresh Express, Inc.*, No. 19-CV-05611-PJH, 2020 WL

21   1244918, at *7 (N.D. Cal. Mar. 16, 2020) ("Plaintiffs argue that California is the focal

22   point of their harm because Five Star's business is centered in California and thus the

23   brunt of the harm Five Star suffers from the imitation product is in California. This is

24   precisely the sort of plaintiff-centered harm that *Walden* and *Axiom Foods*

25   foreclosed").

26        Moreover, Cisco is fully aware the allegations herein are not analogous to the

27   allegations in the Related Litigation.  There is no allegation Dexon knowingly

28   "schemed" to manufacture and import counterfeit Cisco products.  Rather, at worst,

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1  Dexon is an innocent "middle man" victimized by the presence of counterfeit Cisco

2  products in the distribution chain.  In fact, Cisco's own partners and authorized sellers

3  are likewise routinely victimized and caught unknowingly selling counterfeit

4  products.  (O'Neil Decl., Ex. A).

5                          b.      *Shipments to Cisco's Investigators in California*

6          The next two examples of specific contacts involve Cisco's attempts to "set up"

7  Dexon via purchases made by Cisco investigators.  The first such "fake" order

8  involved a California address. (Doc. No. 1 at ¶ 39, ¶ 53).    The second such "fake"

9  order involved an unidentified location or address.  (*Id*. at ¶ 53).

10         It is well established in this District that such contacts cannot satisfy the

11  purposeful direction test.  As recognized by this Court in a prior case involving Cisco,

12  which is directly on point, "[Cisco] cannot manufacture personal jurisdiction . . . by

13  purchasing the accused product in the forum state."  *Cisco*, 2019 WL 6682838, at *2

14  (quoting *Adobe Sys. Inc. v. Trinity Software Distrib., Inc.*, No. 12-cv-1614(SI), 2012

15  WL 3763643, at *6 (N.D. Cal. Aug. 29, 2012)); *see Theos Med. Sys., Inc. v. Nytone

16  Med. Prod., Inc.*, No. 19-cv-01092(VKD), 2020 WL 500511, at *6 (N.D. Cal. Jan.

17  31, 2020) ([C]ourts within this district have held that a plaintiff cannot manufacture

18  personal jurisdiction in a case by making such purchases in the forum state."); *Clarus

19  Transphase Scientific, Inc. v. Q-Ray, Inc.*, No. 06-cv-3450(JF/RS), 2006 WL

20  2374738, at *3 n.3 (N.D. Cal. Aug. 16, 2006) ("A plaintiff cannot manufacture

21  personal jurisdiction in a trademark case by purchasing the accused product in the

22  forum state."); *Ayla, LLC v. Alya Skin Pty. Ltd.*, No. 19-cv-00679(HSG), 2019 WL

23  5963149, at *4 n.1 (N.D. Cal. Nov. 13, 2019) ("Plaintiff's hiring of investigators to

24  purchase and receive the products in California does not change the outcome.").

25         To illustrate, in *Cisco Sys. Inc. v. Link US, LLC*, Cisco alleged that the court

26  could exercise specific jurisdiction over the defendant-company president because he

27  shipped allegedly counterfeit products to a Cisco investigator in California.  2019 WL

28  6682838, at *2.  The district court reasoned that "sales of counterfeit goods to Cisco's

0640.002\9998                                    -14-                          Case No. 3:20-cv-4926

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    investigator . . . cannot establish express aiming because the personal jurisdiction

2    analysis focuses on the defendant's, not the plaintiff's, contacts with the forum." *See*

3    *Id.* ("It would . . . be incongruous to allow the plaintiff to unilaterally create personal

4    jurisdiction.") (quotations omitted).

5        Ignoring the district court's reasoning in that case, Cisco attempts to hale

6    Dexon into California on the same basis. Such unilateral contacts do not satisfy the

7    "effects" test, especially where those shipments were made to help Cisco with its

8    broader investigation of counterfeit products. *Id.*

9                    c.      *Purchases from a defendant in Related Litigation*

10       Lastly, Cisco relies on Dexon's purchase of allegedly counterfeit products from

11   California company PFT, a Defendant in the Related Litigation. (Doc. No. 1 at ¶¶ 44-

12   46). Such conduct does not support a finding of specific jurisdiction.

13       For example, in *Premier Fabrics, Inc. v. Walters & Mason Retail, Inc.*, the

14   "Plaintiff argue[d] that [Defendant]'s purchases of the allegedly infringing products

15   from [a California company] [we]re sufficient to satisfy the express aiming

16   requirement." No. 18-cv-2126-JFW(SKX), 2018 WL 6164766, at *5 (C.D. Cal. Aug.

17   1, 2018).  The Court rejected this argument. *Id*.  Relying on *Walden*, the district court

18   determined that such purchases failed to satisfy the express aiming requirement.  *Id*.

19   The district court also "conclude[d] that Plaintiff ha[d] failed to establish the final

20   prong of Calder" even though the Defendant's "allegedly tortious conduct consist[ed]

21   of purchasing allegedly infringing garments from Famma, a vendor who happened to

22   be located in California, and then selling those garments to consumers outside of

23   California." *Id*. at *6.  The district court ultimately decided that the plaintiff had failed

24   to establish a prima facie case of jurisdiction and granted the Defendant's Rule

25   12(b)(2) motion to dismiss. *Id*. at *8.  The same should happen here.

26       Even if Cisco can ultimately establish that any PFT product purchased by

27   Dexon was counterfeit, it is important to note that there is absolutely no suggestion or

28   allegation Dexon purchased such product knowing it was counterfeit.  (Doc. No. 1 at

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1    ¶¶ 44-46).  On the contrary, Cisco's own allegations acknowledge that not all of the

2    Cisco product sold by PFT was counterfeit.  (*Id.*)  Moreover, unknowingly purchasing

3    product later alleged to be counterfeit is not the actionable act; rather, it is the

4    subsequent sale of such product which gives rise to Cisco's claims herein.  In the

5    present case, the complaint does not contain a *single allegation* of a sale of counterfeit

6    product by Dexon to a legitimate California end consumer.

7         For all the above reasons, Cisco failed to provide facts sufficient to establish

8    that Dexon intentionally sold counterfeit products to California customers and aimed

9    such sales at California knowing it would cause harm there.  *Cisco Sys. Inc.*, 2019

10   WL 6682838, at *4-5.  Cisco has therefore not met its burden to satisfy the first prong

11   of the specific jurisdiction analysis.  *Id.*  "Because failure to satisfy the first prong is

12   dispositive on its own, the Court need not consider the second and third prongs."  *Id.*

13   (quotation omitted).  This Court may therefore conclude on the above bases that

14   specific jurisdiction does not exist over Dexon.  *Id.*

15        Even if Cisco could establish the first prong, however, Cisco's allegations fail

16   on the second prong—that its claims against Dexon "arise[] out of or relate[] to the

17   [Dexon]'s forum-related activities."  Axiom, 874 F.3d at 1068.  Here, the claims arise

18   out of the manufacture and importing of counterfeit products as alleged in the Related

19   Litigation, not the "random, fortuitous or attenuated" down-stream sales made my

20   innocent "middle man" re-sellers like Dexon.  *Matson Navigation Co., Inc. v.*

21   *Sherwin-Williams Co.*, No. 17-cv-00081(EDL), 2017 WL 7310771, at *7 (N.D. Cal.

22   Sept. 11, 2017) (*quoting Burger King*, 471 U.S. at 475).  To the extent Cisco points

23   to sales of counterfeit products, those alleged sales occurred outside California.  (Doc.

24   No. 1 at ¶¶ 36-38, ¶¶ 40-43, ¶¶ 47-52).  In fact, one such example occurred in

25   *Minnesota*.  (*Id.* at ¶ 43).  For all those reasons, Cisco's allegations do not establish

26   that Dexon's attenuated contact arise out of or relate to the subject claims.

27        Likewise, even if Cisco established the first two prongs, this Court's exercise

28   of personal jurisdiction over Dexon would nevertheless violate the third prong's

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1  requirement that "the exercise of jurisdiction . . . comport with fair play and

2  substantial justice, i.e. it must be reasonable." *Axiom*, 874 F.3d at 1068.  In analyzing

3  the third prong, courts consider the following factors:

4  (1) the extent of the defendant's purposeful injection into the forum
state's affairs; (2) the burden on the defendant of defending in the forum;

5  (3) the extent of conflict with the sovereignty of the defendant's state;
(4) the forum state's interest in adjudicating the dispute; (5) the most

6  efficient judicial resolution of the controversy; (6) the importance of the
forum to the plaintiff's interest in convenient and effective relief; and (7)

7  the existence of an alternative forum.

8  *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

9  Here, the above factors weigh in Dexon's favor.  All of the alleged sales

10  occurred outside California.  And one of those sales occurred in the appropriate

11  forum: Minnesota.  Litigating in Minnesota will not burden Cisco, which is a global

12  company with unlimited resources.  Exercising jurisdiction over Dexon in California

13  would, therefore, not "comport with fair play and substantial justice."

14  *Schwarzenegger*, 374 F.3d at 802.  For all the above reasons, this Court may therefore

15  dismiss the Complaint for lack of personal jurisdiction.

16  **B.    TRANSFER**

17  If this Court does not dismiss the Complaint for lack of personal jurisdiction

18  over Dexon, Dexon respectfully requests that this Court transfer this case to the

19  appropriate forum, the District of Minnesota.

20  1.    Legal Standard

21  "For the convenience of parties and witnesses, in the interest of justice, a

22  district court may transfer any civil action to any other district or division where it

23  might have been brought . . . ."  28 U.S.C. § 1404(a).

24  2.    The Private and Public Interest Factors Favor Transfer

25  Convenience and fairness are determined based on private and public interest

26  factors, which the Court weighs on a motion to transfer. *Jones v. GNC Franchising,*

27  *Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).  In deciding a motion to transfer, courts

28  therefore balance the following factors:

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1   (1) the location where the relevant agreements were negotiated and
2   executed, (2) the state that is most familiar with the governing law, (3)
    the plaintiff's choice of forum, (4) the respective parties' contacts with
3   the forum, (5) the contacts relating to the plaintiff's cause of action in
    the chosen forum, (6) the differences in the costs of litigation in the two
4   forums, (7) the availability of compulsory process to compel attendance
    of unwilling non-party witnesses, and (8) the ease of access to sources
5   of proof.

6   *Id*. at 498-99.

7       Here, all the factors favor a transfer.  All the potential witnesses for Dexon live

8   in Minnesota.  (O'Neil Decl., ¶ 3).  All the subject purchase orders, and invoices are

9   housed or stored in Minnesota.  (*Id*., ¶ 4).  All the subject agreements with Dexon's

10  customers were negotiated in Minnesota.  (*Id*.).  And although California state law

11  may apply to some claims, "the primary claims in [Cisco]'s Complaint arise under

12  federal law—the Lanham Act," which "undermines [Cisco]'s assertion that a local

13  court should decide its state law []claims."  *Toro Co. v. Hunter Indus. Inc*., No. 14-

14  cv-4463 (MJD/FLN), 2015 WL 4545403, at *5 (D. Minn. July 27, 2015).  "Indeed,

15  federal district courts are 'faced almost daily with the task of applying some state's

16  law other than that of the forum state, and [they are] capable of resolving . . . dispute[s]

17  under [another state's] law."  *Id*. (quoting *Hughes v. Wal–Mart Stores, Inc.*, 250 F.3d

18  618, 620 (8th Cir. 2001)).

19      Because only one factor favors Cisco (the plaintiff's interest in choosing a

20  forum), that factor should be given minimal consideration.  *See Lou v. Belzberg*, 834

21  F.2d 730, 739 (9th Cir. 1987) ("If the operative facts have not occurred within the

22  forum and the forum has no interest in the parties or subject matter, [the plaintiff]'s

23  choice [of forum] is entitled to only minimal consideration.").

24      For those reasons, this Court should exercise its discretion and transfer this

25  action to the United States District Court in Minnesota.

26  **IV.   CONCLUSION**

27      For the foregoing reasons, Dexon respectfully requests that this Court grant its

28  motion to dismiss for lack of personal jurisdiction or, alternatively, transfer this action

DEFENDANT DEXON COMPUTER, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL
JURISDICTION

1   to the United States District Court of Minnesota.

2

3   Dated:  September 25, 2020          John A. Conke

4                                      Amanda R. Washton, member of
                                       CONKLE, KREMER & ENGEL
5                                      Professional Law Corporation

6

7

8   By:  */s/John A. Conkle*
                                           _____
         John A. Conkle
9        Attorneys for Movant
10       Dexon Computer, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28