RICHARD J. NELSON (State Bar No. 141658)
E-Mail: *rnelson@sideman.com*
LOUIS P. FEUCHTBAUM (State Bar No. 219826)
E-Mail: *lfeuchtbaum@sideman.com*
ANGELA M. HE (State Bar No. 319351)
E-Mail: *ahe@sideman.com*
ARTUR A. MINASYAN (State Bar No. 322248)
E-Mail: *aminasyan@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Cisco Systems, Inc. and Cisco Technology, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a Delaware corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DEXON COMPUTER, INC., a Minnesota corporation,<br><br>Defendant. | Case No. 3:20-cv-04926 CRB<br><br>**DECLARATION OF LOUIS P. FEUCHTBAUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEXON COMPUTER, INC.'S RENEWED MOTION TO DISMISS**<br><br>Date: May 28, 2021<br>Time: 10:00 AM<br>Courtroom: 6, 17th Floor<br>Judge: Honorable Charles R. Breyer |

I, LOUIS P. FEUCHTBAUM, hereby declare that I am an attorney at law, licensed to practice before this Court and all Courts of the State of California. I am a Partner at the law firm of Sideman and Bancroft, LLP, counsel of record for Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. (collectively "Cisco," or "Plaintiffs") in the above-captioned matter. The

following facts are based upon my own personal knowledge, except for those facts stated on information and belief, and as to those facts, I believe them to be true. If called as a witness, I could and would competently testify to the following:

1. Dexon Computer, Inc. ("Dexon") produced 617 pages of invoices that are purported to represent every Cisco-branded product that it sold to California customers between July 22, 2016 and November 20, 2020 ("Production Period"). We had the data from these invoices compiled into a document that is more conducive to review, which I have spot-checked against the invoices for accuracy. Based upon my spot-check, I believe the compilation of the invoices is accurate. The following information accurately describes data I have extracted from the invoice compilation:

    a. During the Production Period, Dexon sold approximately 4,670 Cisco-branded products to 119 different customers in California.

    b. In order to narrow our focus so we would be able to reasonably to serve subpoenas, follow up with respondents as might be necessary, obtain subpoena responses, and obtain feedback from Cisco regarding whether any of the products were counterfeit during the period allowed for jurisdictional discovery, we served subpoenas on only 46 of the 119 customers that Dexon identified. Those subpoenas inquired about 621 of the products that Dexon identified having sold in California.

    c. Of the 621 products that the subpoenas inquired about, Cisco received information that was sufficient to analyze only 226 products to determine whether they are counterfeit.

    d. Dexon purchased at least 278 items of Cisco software that it resold to California customers on 37 separate occasions.

2. In response to Cisco's discovery demand for copies of all documents that Dexon transmitted to customers for each software license that Dexon sold in California, Dexon's production included Cisco's End User License Agreements ("EULAs") that were in effect between May 2017 and May 2020. True and accurate copies of these EULAs are attached hereto as **Exhibit A**. The effective date of each version is visible in the footers at the center-bottom of

2835-290\4728414v1     2     Case No. 3:20-cv-04926 CRB

DECLARATION IN SUPPORT OF PLAINTIFFS CISCO SYSTEMS, INC.'S AND CISCO TECHNOLOGY, INC.'S OPPOSITION TO RENEWED MOTION TO DISMISS

each page.

3. Attached hereto as **Exhibit B** is a true and accurate copy of an email string that was provided by Claremont-McKenna College ("CMC"), related to CMC's purchase of a software license from Dexon.

4. Attached hereto as **Exhibit C** is a true and accurate copy of an email string that was provided by Dexon and Arbitech, LLC that Dexon filed as an attachment to a declaration in other litigation against Cisco. This email reports a complaint by Dexon about a product that Dexon had apparently acquired from Arbitech.

5. Federal law enforcement provided Cisco with various documents related to a reseller of computer equipment who conducted business from Anaheim, California during the course of that agency's investigation into counterfeit trafficking. Cisco will provide all of those documents for the Court's *in camera* inspection, if desired. It will also provide them to Dexon's counsel, subject to entry of an adequate protective order. I have personally reviewed those documents and provide the following information on personal knowledge, based upon my personal review of them:

    a. Attached hereto as **Exhibit D** is a spreadsheet that accurately records data that was obtained from the documents provided to Cisco by the government. It identifies by Product ID number every Cisco product that Dexon purchased from Anaheim, the quantities purchased, and also Dexon's purchase price. In addition, for purposes of analysis, Cisco has added data reflecting the "Global List Price," or "GLP," for these products. I prepared the columns that contain computations for the percentage discount off of GLP that Dexon paid for each of these products.

    b. I have personally reviewed reports on 6 of these products that Dexon procured from Anaheim, which reports were prepared Cisco engineers who examined those products. Those engineers concluded that all 6 of these products are counterfeit in that each bore a Cisco registered trademark that is identical to or nearly indistinguishable from Cisco's actual registered trademarks, and that the trademarks had been affixed to the products without Cisco's permission or

2835-290\4728414v1

3

Case No. 3:20-cv-04926 CRB

DECLARATION IN SUPPORT OF PLAINTIFFS CISCO SYSTEMS, INC.'S AND CISCO TECHNOLOGY, INC.'S OPPOSITION TO RENEWED MOTION TO DISMISS

authority. An engineering analysis revealed that the products were not manufactured under Cisco's authority in that they possessed significant variations from genuine Cisco products. Cisco will provide all of those documents for the Court's *in camera* inspection, if desired. It will also provide them to Dexon's counsel, subject to entry of an adequate protective order. I have also reviewed copies of documents that we received from the entity who purchased these counterfeit products from Dexon. They show that the counterfeits had been provided to the U.S. Navy in Guam. They also indicate that Cisco sold SMARTnet contracts on 3 of these counterfeit products. Cisco's internal records indicate that Dexon had procured those particular SMARTnet contracts from the Anaheim reseller. Cisco will provide all of those documents for the Court's *in camera* inspection, if desired.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed May 7, 2021 at Berkeley, California.

_____
Louis P. Feuchtbaum