Amanda R. Washton (SB# 227541)
  *a.washton@conklelaw.com*
CONKLE, KREMER & ENGEL
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100 • Fax: (310) 998-9109

Michael M. Lafeber (*pro hac vice*)
  *mlafeber@taftlaw.com*
O. Joseph Balthazor Jr. (*pro hac vice*)
  *jbalthazor@taftlaw.com*
TAFT STETTINIUS & HOLLISTER LLP
2200 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Tel: 612.977.8400
Fax: 612.977.8650

Attorneys for Movant
Dexon Computer, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., a Delaware corporation and CISCO TECHNOLOGY, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEXON COMPUTER, INC., a Minnesota corporation,<br><br>Defendant. | Case No. 3:20-cv-4926-CRB<br><br>**RULE 60(a) NOTICE OF MOTION AND MOTION TO CORRECT ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>Date:      July 9, 2021<br>Time:     10:00 a.m.<br>Location: Zoom<br><br>Hon. Charles R. Breyer<br>Presiding Judge<br>Courtroom 6 |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Dexon Computer, Inc. ("Dexon") moves this Court under Rule 60(a) of the Federal Rules of Civil Procedure for an order correcting a mistake in the order denying Dexon's motion to dismiss.  The motion is based on this Notice of Motion and Motion; the following Memorandum of Points and Authorities, the [Proposed] Order; the record in this matter; and such other and further papers, evidence, and argument as may be submitted in support thereof.

Dated:  May 28, 2021    Amanda R. Washton, member of
                        CONKLE, KREMER & ENGEL
                        Professional Law Corporation


                By:  */s/ Amanda R. Washton*
                     Amanda R. Washton
                     Attorneys for Movant
                     Dexon Computer, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

On May 20, 2021, the Court issued an order denying Dexon's renewed motion to dismiss for lack of personal jurisdiction (the "Order").  (Doc. No. 37).  The Order incorrectly describes Cisco's allegations concerning the Product Activation Key Certificates ("PAKs") that provide access to Cisco software codes.  (*Id.* at 3).

Namely, the Order incorrectly describes active involvement by Dexon beyond what is alleged in Cisco's first amended complaint.  Specifically, the Order states that Cisco is alleging Dexon obtained authentic access codes from genuine Cisco PAKs and actively or personally transferred or "copied" such access codes to alleged counterfeit PAKs.  (*Id.*).  The Order provides in relevant part:

> Dexon would obtain Product Activation Key Certificates (PAKs) containing Cisco software access codes, then copy the access codes in counterfeit PAKs. *See id.* ¶¶ 61–62. Dexon customers who purchased the counterfeit PAKs could thus 'access Cisco software without Cisco ever being paid for it.' *Id.* ¶ 62.

*Id.*

In reality, consistent with its role as a passive middle man reseller, Dexon merely acquires PAKs from its suppliers and provides them to its customers or end users without modification.  Consistent with this, Cisco's First Amended Complaint does not allege any active or direct "copying" or transferring of access codes to the alleged counterfeit PAKs by Dexon. Rather, the allegations in paragraph 62 of the First Amended Complaint actually state as follows:

> In every instance described in the table below, Dexon provided its California customers with a counterfeit PAK, which copied a valid code that enabled the customer to access Cisco software without Cisco ever being paid for it.

(Doc. No. 32 at 22, ¶ 62).

Rule 60(a) of the Federal Rules of Civil Procedure authorizes the Court, on motion or on its own, to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  In the present case, Dexon understandably seeks to correct the mistaken assertion it is accused of directly, personally or actively copying or transferring authentic access codes to alleged counterfeit PAKs.  Consistent with this, the Order

should be revised on page 3 as follows to reflect the actual or verbatim allegations contained in Cisco's First Amended Complaint:

> Dexon provided its California customers with a counterfeit PAK, which copied a valid code that enabled the customer to access Cisco software without Cisco ever being paid for it. *See id.* ¶¶ 61–62.

(Doc. No. 32 at 22, ¶ 62).

Accordingly, Dexon respectfully requests that the Court strike the original Order (Doc. No. 37), and issue a new order correctly reflecting the actual or verbatim allegations contained in Cisco's First Amended Complaint.

Dated: May 28, 2021　　　　　　　　　Respectfully submitted,

CONKLE, KREMER & ENGEL

By: */s/ Amanda R. Washton*
　　Amanda R. Washton
　　Attorneys for Movant
　　Dexon Computer, Inc.