Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

*Attorney for Third-Party Defendant Paragon*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a Delaware corporation and CISCO TECHNOLOGY, INC., a California corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>DEXON COMPUTER, INC., a Minnesota corporation,<br><br>    Defendant. | Case No. 3:20-cv-4926 CRB<br><br>**THIRD-PARTY DEFENDANT, PARAGON'S ANSWER TO THIRD-PARTY CLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |
| DEXON COMPUTER, INC., a Minnesota corporation,<br><br>    Counterclaim Plaintiff and Defendant,<br><br>  v.<br><br>CISCO SYSTEMS, INC., a Delaware corporation and CISCO TECHNOLOGY, INC., a California corporation,<br><br>    Counterclaim Defendants and Plaintiffs | |

DEXON COMPUTER, INC., a Minnesota corporation,

    Third-Party Plaintiff,

  v.

ATLANTIX GLOBAL SYSTEMS INTERNATIONAL, LLC, BIZCOM ELECTRONICS, INC., DIGI DEVICES ONLINE, ENTERPRISE BUSINESS TECHNOLOGIES, INC., FIBER CABLE CONNECTIONS, MJSI, MULTIMODE TECHNOLOGIES, LLC, NETWORK REPUBLIC, OPTIMUM DATA, INC., PARAGON, PURE FUTURE TECHNOLOGY, INC., SEASTAR IT TRADING LLC, SERVER TECH SUPPLY, SOFTNETWORKS, INC., STRADA NETWORKS, LLC, STRATEGIC TELECOM SUPPLY & SOLUTIONS, TEKSAVERS, UNLIMITED NETWORK SOLUTIONS, and WISECOM TECHNOLOGIES,

    Third-Party Defendants.

COMES NOW Third-Party Defendant, Paragon, by its undersigned counsel, and submits its Answer and Affirmative Defenses to Third-Party Plaintiff's Third-Party Claims (ECF No. 50) ("Third-Party Complaint" or "TPC") filed by Defendant/Counterclaim Plaintiff/Third-Party Plaintiff, Dexon Computer, Inc. ("Dexon"), as follows:

## THIRD PARTY CLAIMS

1. The first paragraph of the TPC reflects Dexon's characterization of this action, to which no response is required. To the extent a further response is required, Paragon denies each and every allegation of misconduct alleged by Dexon, and denies that Dexon is entitled to any relief whatsoever.

## THE PARTIES

2. In response to Paragraph 171 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 171.

3. In response to Paragraph 172 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 172.

4. In response to Paragraph 173 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 173.

5. In response to Paragraph 174 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 174.

///

6. In response to Paragraph 175 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 175.

7. In response to Paragraph 176 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 176.

8. In response to Paragraph 177 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 177.

9. In response to Paragraph 178 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 178.

10. In response to Paragraph 179 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 179.

11. In response to Paragraph 180 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 180.

12. In response to Paragraph 181 of the TPC, Paragon admits that it is a Massachusetts corporation with its principal place of business in Massachusetts.

13. In response to Paragraph 182 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 182.

14. In response to Paragraph 183 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 183.

15. In response to Paragraph 184 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 184.

16. In response to Paragraph 185 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 185.

17. In response to Paragraph 186 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 186.

18. In response to Paragraph 187 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 187.

19. In response to Paragraph 188 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 188.

20. In response to Paragraph 189 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 189.

21. In response to Paragraph 190 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 190.

### SUPPLY OF ALLEGED COUNTERFEIT AND INFRINGING PRODUCT

22. In response to Paragraph 191 of the TPC, Paragon admits that it is a reputable dealer with respect to the products it sells, including, but not limited to, Cisco products. In response to the remaining allegations in Paragraph 191 of the TPC, Paragon states that it denies any allegations inconsistent therewith and that it is without knowledge or information sufficient to form a belief as to the truth of the same, and therefore denies generally and specifically, each and every remaining allegation contained in Paragraph 191.

23. In response to Paragraph 192 of TPC, Paragon admits that it has conducted business with Dexon. In response to the remaining allegations in Paragraph 192 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the same, and therefore denies generally and specifically, each and every remaining allegation contained in Paragraph 192.

24. In response to Paragraph 193 of the TPC, Paragon states that Paragraph 193 contains legal conclusions to which no response is required. To the extent a response may be required, Paragon denies, generally and specifically, each and every allegation contained in Paragraph 193.

### FIRST THIRD PARTY CLAIM
(Indemnification - All Third Party Defendants)

25. In response to Paragraph 194 of the TPC, Paragon reasserts and hereby incorporates by references its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

26. In response to Paragraph 195 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 195.

27. In response to Paragraph 196 of the TPC, Paragon states that Paragraph 196 contains legal conclusions to which no response is required. To the extent a response may be required, Paragon denies, generally and specifically, each and every allegation contained in Paragraph 196.

## SECOND THIRD PARTY CLAIM

(Contribution - All Third Party Defendants)

28. In response to Paragraph 197 of the TPC, Paragon reasserts and hereby incorporates by references its responses to the allegations contained in the foregoing paragraphs as though fully set forth herein.

29. In response to Paragraph 198 of the TPC, Paragon states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore denies, generally and specifically, each and every allegation contained in Paragraph 198.

30. In response to Paragraph 196 of the TPC, Paragon states that Paragraph 196 contains legal conclusions to which no response is required. To the extent a response may be required, Paragon denies, generally and specifically, each and every allegation contained in Paragraph 196.

## PRAYER FOR RELIEF

31. In response to Dexon's Prayer for Relief, Paragon denies that Dexon is entitled to any relief whatsoever. Accordingly, Paragon denies generally and specifically, each and every allegation contained in Dexon's Prayer for Relief.

## DEMAND FOR JURY TRIAL

32. In response to Dexon's demand for a jury trial, Paragon states the no response is required.

## PARAGON'S AFFIRMATIVE DEFENSES

33. Without assuming any burden of proof that it would not otherwise bear, Paragon asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

34. Dexon's TPC and causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

35. Dexon is barred from pursuing its claims against Paragon in this Court because venue is improper.

### THIRD AFFIRMATIVE DEFENSE

36. Dexon's TPC fails because Dexon has not suffered damages.

### FOURTH AFFIRMATIVE DEFENSE

37. Dexon's claims are barred, in whole or in part, because Dexon failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

38. Dexon's claims are barred, in whole or in part by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

39. Dexon lacks standing to assert any claims in the TPC.

### SEVENTH AFFIRMATIVE DEFENSE

40. Dexon's claims are barred in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

41. Dexon's claims are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

42. Dexon's claims are barred in whole or in part, because if Dexon has been damaged, it is the result of its own conduct of the conduct of third parties, for which Paragon is not responsible.

///

## TENTH AFFIRMATIVE DEFENSE

43. Paragon has insufficient knowledge or information to determine whether it may have additional, as yet unstated, affirmative defenses available. Paragon has not knowingly or intentionally waived any applicable additional affirmative defenses and reserves the right to raise additional defenses as they become known to it throughout discovery in this matter. Paragon reserves all affirmative defenses available under Rule 8(c) of the Federal Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation. Paragon further reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories that may be divulged through clarification of Dexon's TPC, discovery, or further legal analysis.

DATED: October 22, 2021            Respectfully submitted,

K&L GATES LLP

By:  /s/ Christina N. Goodrich
     Christina N. Goodrich

*Attorney for Third-Party Defendant Paragon*

# DEMAND FOR JURY TRIAL

Third-Party Defendant, Paragon, Limited hereby demands a trial by jury on every issue on which it is so entitled.

DATED: October 22, 2021            Respectfully submitted,

                                          K&L GATES LLP

                                        By:   */s/ Christina N. Goodrich*
                                                Christina N. Goodrich

                                        *Attorney for Third-Party Defendant Paragon*

Recycled Paper