| | |
|---|---|
| Richard J. Nelson (SBN 141658) | Aaron M. Panner* (D.C. Bar No. 453608) |
| Louis P. Feuchtbaum (SBN 219826) | Kylie C. Kim* (D.C. Bar No. 230277) |
| Alexander J. Bukac (SBN 305491) | Alex A. Parkinson* (D.C. Bar No. 166695) |
| **SIDEMAN & BANCROFT LLP** | Ryan M. Folio* (New York Bar No. 5823943) |
| One Embarcadero Center | **KELLOGG, HANSEN, TODD,** |
| Twenty-Second Floor | **FIGEL & FREDERICK, P.L.L.C.** |
| San Francisco, CA 94111-3711 | 1615 M Street, NW, Suite 400 |
| (415) 392-1960 | Washington, D.C. 20036 |
| rnelson@sideman.com | (202) 326-7900 |
| lfeuchtbaum@sideman.com | apanner@kellogghansen.com |
| abukac@sideman.com | kkim@kellogghansen.com |
| | aparkinson@kellogghansen.com |
| | rfolio@kellogghansen.com |

*Attorneys for Plaintiffs and Counterclaim Defendants*
*Cisco Systems, Inc. and Cisco Technology, Inc.*

\* Admitted *pro hac vice*.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., a California corporation, and CISCO TECHNOLOGY, INC., a California corporation, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> v. <br><br> DEXON COMPUTER, INC., a Minnesota Corporation, <br><br> Defendant and Counterclaim Plaintiff. | Case No. 3:20-cv-4926-CRB <br><br> **PLAINTIFFS AND COUNTERCLAIM DEFENDANTS CISCO SYSTEMS, INC.'S AND CISCO TECHNOLOGY, INC.'S OPPOSITION TO DEFENDANT AND COUNTERCLAIM PLAINTIFF DEXON COMPUTER, INC.'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** <br><br> Date: <br> Time: <br> Courtroom: 6 <br> Judge: Honorable Charles R. Breyer |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1

INTRODUCTION ................................................................................................................................ 1

LEGAL STANDARD .......................................................................................................................... 2

ARGUMENT ....................................................................................................................................... 2

    I.    DEXON FAILS TO JUSTIFY ANY MOTION FOR RECONSIDERATION OF DISMISSAL OF THE THIRD AMENDED COUNTERCLAIMS ............................................................................ 3

        A.    Dexon's Arguments Regarding the Circumstances of Cisco's Equipment Sales Are Demonstrably Untrue and Unavailing ....................... 3

        B.    Dexon's "Chain of Title" Argument Does Not Warrant Reconsideration ............................................................................................... 5

        C.    Dexon's Allegations About "Refurbished" Products Do Not Warrant Reconsideration ............................................................................................... 6

        D.    Dexon's Declaratory-Judgment Arguments Do Not Warrant Reconsideration ............................................................................................... 6

    II.    RECONSIDERATION OF THIS COURT'S ORDER DENYING DEXON LEAVE TO FILE FOURTH AMENDED COUNTERCLAIMS IS UNWARRANTED .......................................................................................... 7

CONCLUSION .................................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071 (9th Cir. 2015) ........................................................4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ......................................................................6

*Carroll v. Nakatani*, 342 F.3d 934 (9th Cir. 2003) ............................................................................2

*Cisco Sys. Inc. v. Link US, LLC*, 2019 WL 6682838 (N.D. Cal. Dec. 6, 2019) .................................4

*Cty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201 (N.D. Cal. 2017) ..........................................2, 4

*English v. Apple Inc.*, 2016 WL 1108929 (N.D. Cal. Mar. 22, 2016) ................................................2

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007) ...........................................................3, 7

*Monster Cable Prod., Inc. v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001 (N.D. Cal. 2009) ....................7

*NCAA Student-Athlete Name & Likeness Licensing Litig., In re*, 37 F. Supp. 3d 1126
    (N.D. Cal. 2014) .............................................................................................................................4

*Norris v. Aon PLC*, 2021 WL 1873098 (N.D. Cal. May 10, 2021) ...................................................4

*Sebastian Int'l, Inc. v. Russolillo*, 186 F. Supp. 2d 1055 (C.D. Cal. 2000) .......................................5

*UMG Recordings, Inc. v. Augusto*, 558 F. Supp. 2d 1055 (C.D. Cal. 2008),
    *aff'd*, 628 F.3d 1175 (9th Cir. 2011) ...........................................................................................5

*Vernor v. Autodesk, Inc.*, 621 F.3d 1102 (9th Cir. 2010) ..................................................................4

**RULES**

Fed. R. Civ. P. 9(b) .......................................................................................................................1, 7

Civil L.R. 7-9(b) ..................................................................................................................2, 6, 7, 8

Civil L.R. 7-9(b)(3) .....................................................................................................................1, 2, 7

Civil L.R. 7-9(c) ................................................................................................................................2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs and Counterclaim Defendants Cisco Systems, Inc. and Cisco Technology, Inc. (collectively "Cisco") hereby submit their Opposition to Defendant and Counterclaim Plaintiff Dexon Computer, Inc.'s ("Dexon") motion for leave to file a motion for reconsideration (Dkt. 130) ("Mot.") of this Court's order dismissing Dexon's third amended counterclaims ("TAC") and denying Dexon's motion for leave to file fourth amended counterclaims.  *See* June 21, 2022 Order (Dkt. 127) ("Order").

**INTRODUCTION**

The TAC asserted five fraud-based claims and one declaratory-judgment claim, all based on the assertion that Cisco's efforts to license – rather than to sell – software embedded on Cisco equipment were ineffective.  In particular, Dexon argued that, as a result of deficient notice and the circumstances generally surrounding equipment sales, Cisco actually sells rather than licenses certain embedded software.  This Court, for the third time, held those allegations to be insufficient to support any fraud-based claim for two distinct reasons.  First, Dexon had not alleged, with the particularity that Rule 9(b) explicitly requires, anything about the circumstances of the original sale or Dexon's purchase of the equipment at issue in the TAC.  Order 10 (Lanham Act); *id.* at 12 (other fraud-based claims).  Second, because Dexon's allegations admittedly implicate a *legal* dispute, Dexon failed to allege any false statement *of fact*.  *Id.* at 11 (Lanham Act); *id.* at 12 (remaining claims).  Dexon's failure to allege "specific facts" related to the sale of "specific hardware products" was likewise fatal to its declaratory-judgment count because Dexon could not show any "actual controversy that a declaratory judgment can resolve." *Id.* at 14.  Finally, the Court denied Dexon's leave to amend as futile because Dexon "d[id] not allege with particularity" that a supposedly newly discovered licensing policy "applied to the products it sold," noting that "denial of leave is especially appropriate . . . because Dexon has been repeatedly granted leave to amend and has subsequently failed to add the requisite particularity to its claims."  *Id.* at 16 (internal quotation marks omitted).

Dexon seeks leave to move for reconsideration of the order, purportedly under Civil Local Rule 7-9(b)(3), which permits such a motion where a party can show a "manifest failure

by the Court to consider material facts or dispositive legal arguments." Civil L.R. 7-9(b)(3). Despite lip-service to this standard, Dexon does not come close to meeting it. On the contrary, Dexon simply reargues points from its original opposition – which the rule prohibits, *see id.* 7-9(c) – without seriously addressing this Court's actual ruling or identifying any *material* allegation or *dispositive* legal argument that could affect the result. The Court should deny the motion.

## LEGAL STANDARD

Reconsideration of a court order is "'an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *English v. Apple Inc.*, 2016 WL 1108929, at *2 (N.D. Cal. Mar. 22, 2016) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). Given that reconsideration is rarely appropriate, the Civil Local Rules require a party to obtain leave before even filing a motion for reconsideration, setting "a high standard for granting such motions." Order Granting Leave To File (July 5, 2022), Dkt. 132; *see* Am. Order (July 8, 2022), Dkt. 134. Civil Local Rule 7-9(b) requires a party "to specifically show reasonable diligence in bringing the motion and . . . [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the challenged] order." Civil L.R. 7-9(b)(3). This rule also prohibits "repeat[ing] any oral or written argument made . . . in opposition to the . . . [challenged] order." *Id.* 7-9(c). Violations of this prohibition are sanctionable. *Id.* Where a motion for reconsideration is properly filed, relief is justified only in cases of "clear error" or manifest injustice. *See Cty. of Santa Clara v. Trump*, 267 F. Supp. 3d 1201, 1207 (N.D. Cal. 2017).

## ARGUMENT

Dexon does not satisfy Civil Local Rule 7-9(b) because it does not show that this Court manifestly failed to consider any material facts or dispositive legal arguments that Dexon presented. On the contrary, nothing in its motion casts any doubt that the Order was correct.

## I. DEXON FAILS TO JUSTIFY ANY MOTION FOR RECONSIDERATION OF DISMISSAL OF THE THIRD AMENDED COUNTERCLAIMS

Dexon argues (at 5-11) that this Court disregarded (1) allegations regarding the circumstances surrounding "a consumers' original purchase of products purportedly covered by Cisco's claimed [EULA]" (Mot. 5); (2) arguments that Dexon did not need to allege "chain of title" to the software it supposedly sold; (3) allegations that Dexon sold new rather than refurbished equipment to Fort Bend Independent School District ("FBISD"); (4) and the correct standard for declaratory-judgment jurisdiction under *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007). Dexon ignores the terms of the Order, which addressed all of these arguments; it makes no showing that any such argment is material, much less "dispositive."

### A. Dexon's Arguments Regarding the Circumstances of Cisco's Equipment Sales Are Demonstrably Untrue and Unavailing

Dexon's claim that the Court failed to consider its allegations regarding Cisco's sales of equipment before holding that Dexon had failed to plead a material false statement of fact founders on the terms of the Order itself; furthermore, its arguments fail even to address an independent basis for the Court's ruling.

*First*, this Court acknowledged and summarized Dexon's factual allegations at some length, Order 2-3, highlighting many of the allegations that Dexon claims the Court "manifestly failed to consider," Mot. 6. The Court found these allegations insufficient, however, because Dexon – yet again – did not make any allegations regarding the "circumstances surrounding each original purchase" or "the circumstances surrounding Dexon's purchase." Order 10. That failure was fatal to Dexon's claims because, in the absence of particular factual allegations surrounding *those* transactions, Dexon has no basis to allege that Cisco's statements to any customer were false. *Id.*[1] Dexon does not and cannot explain how the factual allegations it highlights in its motion are material to that holding.

---

[1] Dexon violates the prohibition against repetition when (at 7) it argues that this Court

*Second*, this Court held that Dexon's allegations could not support fraud-based claims because the truth of a disputed statement regarding whether equipment owners require software licenses is a *legal issue,* not a factual one.  Order 11; *see id.* at 12.  Dexon does not purport to point to any factual allegation or legal argument that it made in this regard that the Court overlooked; on the contrary, it does not even acknowledge this holding.  Because this holding provides an independent basis for dismissal of the fraud-based claims, the allegations on which Dexon relies can be neither material nor dispositive.  *See also Norris v. Aon PLC*, 2021 WL 1873098, at *2 (N.D. Cal. May 10, 2021) (where party did not challenge an "independent ground[]" for decision, its claim of error was "not dispositive" and could not support reconsideration).

*Third,* and in any event, Dexon's argument fails because it was not clearly presented to the Court in opposition to Cisco's motion.  On the contrary, Dexon simply asserted (citing, without any explanation, to 27 paragraphs of the TAC) that it had provided "detailed facts supporting" its claim that Cisco sells rather than licenses software.  Dkt. 117, at 17.  It did not even cite *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071 (9th Cir. 2015), and its only reference to *Vernor v. Autodesk, Inc.*, 621 F.3d 1102 (9th Cir. 2010) was parenthetical – Dexon did not mention or apply "the *Vernor* factors" it argues (at 5-8) this Court overlooked.[2]  *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 37 F. Supp. 3d 1126, 1154 & n.17 (N.D. Cal. 2014).

---

"improperly rejected and discounted" its allegations about notice.  This is not a claim of "manifest failure . . . to consider" anything:  Dexon simply quarrels with this Court's resolution of the matter.  *See Cty. of Santa Clara*, 267 F. Supp. 3d at 1209 ("A motion for reconsideration should not be used to ask the Court to rethink what it has already thought, and is not a substitute for appeal or a means of attacking some perceived error of the court." (cleaned up)).

[2] Regardless, those factors could not apply because Dexon did not "allege[] anything about when or how it gained title to the embedded software as to the products that it sold."  Order 10; *see Cisco Sys. Inc. v. Link US, LLC*, 2019 WL 6682838, at *8 (N.D. Cal. Dec. 6, 2019) (Breyer, J.) (where "the first sale doctrine is. . . a necessary element" of a party's claim, it "must plead facts showing that there was a sale"); *cf. Vernor*, 621 F.3d at 1103, 1111 (evaluating license agreements between Autodesk and its *direct customers*, which governed *particular products*); *Christenson*, 809 F.3d at 1074 (same).

### B. Dexon's "Chain of Title" Argument Does Not Warrant Reconsideration

Dexon's argument (at 8-9) that this Court failed to consider its argument that chain of title to Cisco's software is irrelevant is likewise unavailing because it rests on a mischaracterization of the Order, fails to identify any legal error, and ignores the independent ground for dismissing Dexon's claims.

*First*, the Court never said or implied that Dexon had to allege a "chain of title"; what it held was that Dexon had failed to allege, with respect to the "products that it sold" to the customers at issue in its complaint, "anything about when or how it gained title to the embedded software." Order 10. In particular, Dexon alleged *nothing* about the "circumstances surrounding each original purchase" or the "circumstances surrounding Dexon's purchase." *Id.* The issue was not the failure to track the chain of title from Cisco to Dexon's customer, but the failure to allege that anyone ever sold the software, much less that Dexon itself acquired good title to that software.

*Second*, the Court correctly rejected (and it did not disregard) Dexon's argument (Dkt. 117, at 15) that the demand for such allegations was a "red herring" – indeed, Dexon itself insists (at 6) that the question whether a *particular* transaction constitutes a sale of a license or software requires inquiry into the particular facts of that transaction.[3]

*Third*, again, this argument cannot be material or dispositive because it fails to address the independent basis for the Court's dismissal – that disputed statements of the legal effect of certain transactions cannot be the basis for a fraud claim. *See supra* p.4.

---

[3] As with its first argument, Dexon failed to present this argument with any clarity in its opposition to Cisco's motion to dismiss, failing even to cite the cases on which it now relies (at 9) – *UMG Recordings, Inc. v. Augusto*, 558 F. Supp. 2d 1055, 1060 n.2 (C.D. Cal. 2008), *aff'd*, 628 F.3d 1175 (9th Cir. 2011), and *Sebastian Int'l, Inc. v. Russolillo*, 186 F. Supp. 2d 1055, 1072 (C.D. Cal. 2000). In any event, those cases do not help Dexon. In *UMG Recordings*, the court held that the party asserting the first-sale doctrine would have to "show[ ] that [the copyright owner] transferred ownership . . . to the [direct customers]," even if the party "[w]ould [not] have to trace the chain of title from him back to [the copyright owner]," 558 F. Supp. 2d at 1060 n.2 – which is exactly what Dexon failed to do. And *Sebastian* is inapposite because there was no dispute that a first sale occurred. 186 F. Supp. 2d at 1061, 1071 (holding that resellers of hair care products did not have to "trace every product [they] sold, back to the original sale," because the manufacturer admittedly sold the products).

### C. Dexon's Allegations About "Refurbished" Products Do Not Warrant Reconsideration

Dexon's argument (at 10) that this Court failed to consider its allegation that it sold Fort Bend Independent School District "brand new" Cisco products, not refurbished ones, manifestly does *not* satisfy Civil Local Rule 7-9(b).  The Court did not fail to consider this allegation – it held that Dexon did not "plausibly allege" that the products it sold to FBISD were, in fact, new.  Order 12 ("Nor does Dexon plausibly allege that calling Dexon's secondary equipment 'refurbished' was false or wrongful, especially given that Dexon does in fact sell 'refurbished' hardware.").  This allegation also is not material because Dexon's claims failed for an additional, independent reason: the refurbished status of Cisco equipment was "not plausibly material to purchaser behavior and/or did not proximately cause Dexon's injury."  *Id.*[4]

Furthermore, Dexon violates the prohibition against repetition when it argues (at 10) that "a claim that Dexon substituted 'refurbished' product for 'brand new' product . . . clearly 'disparages the integrity or honesty' of Dexon."  Dexon made this argument in opposition, Dkt. 117, at 19 ("Cisco also advises Dexon's customers that Dexon sells used or 'refurbished' equipment as new.  Such communications . . . disparage Dexon's 'integrity or honesty.'"), and the Court rejected it squarely.  *See* Order 13 ("Cisco's statement to one of Dexon's customers that it sold them a refurbished product is not the sort of claim that 'disparages the integrity or honesty of a business' because Dexon does in fact sell refurbished Cisco products." (citation omitted)).

### D. Dexon's Declaratory-Judgment Arguments Do Not Warrant Reconsideration

Dexon's claim (at 10-11) that this Court manifestly failed to consider its argument that a reasonable apprehension of suit is no longer required for declaratory-judgment jurisdiction again finds no support in the Order and does not warrant further review.  The Court did *not* require Dexon to show that it had a reasonable apprehension of suit.  Rather, it found that Dexon had

---

[4] Dexon argues (at 10 n.4) that the Court improperly found facts, rather than accepting Dexon's assertions as true, in violation of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  But a finding that a plaintiff has failed to plausibly allege facts to support its claims gives effect to *Twombly*; it hardly ignores it.

1  failed to "allege facts showing an actual controversy that a declaratory judgment can resolve"
2  because it had not "alleged specific facts around the original conveyance of these specific
3  hardware products to plausibly suggest that it held title to the embedded software in those
4  transactions."  Order 14.  Dexon does not address that holding in its motion.

5       The Court *also* found that Dexon had no "real and reasonable apprehension of *liability*,"
6  *Id.* at 15 (emphasis added; internal quotation marks omitted), but that is not the same thing as a
7  reasonable apprehension of *suit*; and the Court's holding indicates that such apprehension might
8  be sufficient, not necessary, to establish jurisdiction.  Dexon can argue that the Court somehow
9  disregarded *MedImmune* only by ignoring the words on the page of the Order:  *MedImmune* was
10 the first case the Court cited (at 14), and the Court's second cited case – *Monster Cable Prods.,*
11 *Inc. v. Euroflex S.R.L.*, 642 F. Supp. 2d 1001, 1011 (N.D. Cal. 2009) – itself discusses and relies
12 on *MedImmune* pervasively.

## II.  RECONSIDERATION OF THIS COURT'S ORDER DENYING DEXON LEAVE TO FILE FOURTH AMENDED COUNTERCLAIMS IS UNWARRANTED

15      Dexon's challenge to this Court's denial of its motion for leave to file fourth amended
16 counterclaims does not even purport to satisfy the Civil Local Rule 7-9(b)(3) standard; instead
17 Dexon simply argues that the Court erred, which is *not* a basis for a proper motion for leave.  *See*
18 Civil L.R. 7-9(b).

19      Moreover, the procedural history makes Dexon's effort to seek reconsideration especially
20 eyebrow-raising.  Dexon disputes this Court's holding that it failed to allege fraud with requisite
21 particularity in the proffered fourth amended counterclaims and insists that the Court should
22 have given it leave to address any deficiencies.  How's that again?  As this Court noted, Dexon
23 sought leave to file the fourth amended counterclaims notwithstanding that this Court
24 "previously said its third counterclaims would be its last," Order 15; it failed to plead with
25 requisite particularity even though it had repeatedly been given leave to amend precisely to
26 satisfy Rule 9(b); and, after Cisco pointed out the deficiencies in the proffered fourth amended
27 counterclaims in its opposition to the motion, *Dexon waived its reply*.  Thus Dexon neither
28 argued that its counterclaims alleged with sufficient particularity that the "newly discovered"

Cisco policy on which it purported to rely even applied to the products it sold nor asked for further opportunity to add such allegations.  This hardly constitutes the "diligence" that Rule 7-9(b) requires.

## CONCLUSION

The Court should deny Dexon's motion for leave to file a motion for reconsideration.

DATED:  July 15, 2022                           Respectfully submitted,

                                                By:    /s/ Aaron M. Panner
                                                       Aaron M. Panner

| | |
|---|---|
| Richard J. Nelson (SBN 141658)<br>Louis P. Feuchtbaum (SBN 219826)<br>Alexander J. Bukac (SBN 305491)<br>**SIDEMAN & BANCROFT LLP**<br>One Embarcadero Center<br>Twenty-Second Floor<br>San Francisco, CA 94111-3711<br>(415) 392-1960<br>rnelson@sideman.com<br>lfeuchtbaum@sideman.com<br>abukac@sideman.com | Aaron M. Panner*<br>Kylie C. Kim*<br>Alex A. Parkinson*<br>Ryan M. Folio*<br>**KELLOGG, HANSEN, TODD,<br>  FIGEL & FREDERICK, P.L.L.C.**<br>1615 M Street, NW, Suite 400<br>Washington, D.C. 20036<br>(202) 326-7900<br>apanner@kellogghansen.com<br>kkim@kellogghansen.com<br>aparkinson@kellogghansen.com<br>rfolio@kellogghansen.com<br><br>*Attorneys for Plaintiffs and Counterclaim Defendants Cisco Systems, Inc. and Cisco Technology, Inc.*<br><br>* Admitted *pro hac vice.* |