Amanda R. Washton (SB# 227541)
 a.washton@conklelaw.com
**CONKLE, KREMER & ENGEL**
Professional Law Corporation
3130 Wilshire Boulevard, Suite 500
Santa Monica, California 90403-2351
Phone: (310) 998-9100
Fax: (310) 998-9109

Michael M. Lafeber (*pro hac vice*)
 mlafeber@taftlaw.com
O. Joseph Balthazor Jr. (*pro hac vice*)
 jbalthazor@taftlaw.com
**TAFT STETTINIUS &
 HOLLISTER LLP**
2200 IDS Center
80 S. 8th St.
Minneapolis, MN 55402
Phone: 612.977.8400
Fax: 612.977.8650

Attorneys for Defendant, Counterclaim Plaintiff
and Third-Party Plaintiff Dexon Computer, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a Delaware corporation and CISCO TECHNOLOGY, INC., a California corporation,<br><br>                Plaintiffs,<br><br>       v.<br><br>DEXON COMPUTER, INC., a Minnesota corporation,<br><br>                Defendant.<br><br>DEXON COMPUTER, INC., a Minnesota corporation,<br><br>       Counterclaim Plaintiff and Defendant,<br><br>       v. | Case No. 3:20-CV-4926-CRB<br><br>**DEFENDANT DEXON COMPUTER, INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR AN ORDER SETTING A RULE 16 CONFERENCE**<br><br>Hon. Charles R. Breyer<br>Presiding Judge<br><br>Trial Date:         None |

| | |
|---|---|
| 1 | CISCO SYSTEMS, INC., a Delaware corporation and CISCO TECHNOLOGY, INC., a California corporation, |
| 2 | |
| 3 | Counterclaim Defendants and Plaintiffs. |
| 4 | |
| 5 | DEXON COMPUTER, INC., a Minnesota corporation, |
| 6 | |
| 7 | Third-Party Plaintiff, |
| 8 | v. |
| 9 | ATLANTIX GLOBAL SYSTEMS INTERNATIONAL, LLC, BIZCOM ELECTRONICS, INC., DIGI DEVICES ONLINE, ENTERPRISE BUSINESS TECHNOLOGIES, INC., FIBER CABLE CONNECTIONS, MJSI, MULTIMODE TECHNOLOGIES, LLC, NETWORK REPUBLIC, OPTIMUM DATA, INC., PARAGON, PURE FUTURE TECHNOLOGY, INC., SEASTAR IT TRADING LLC, SERVER TECH SUPPLY, SOFTNETWORKS, INC., STRADA NETWORKS, LLC, STRATEGIC TELECOM SUPPLY & SOLUTIONS, TEKSAVERS, UNLIMITED NETWORK SOLUTIONS, and WISECOM TECHNOLOGIES, |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | Third-Party Defendants, |
| 18 | |

Defendant Dexon Computer, Inc. ("Dexon") submits this response to Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc.'s (jointly "Cisco") Rule 7-11 administrative request for a Rule 16 Initial Case Management Conference. (Dkt. 142.)

Dexon does not oppose Cisco's request for a Rule 16 Initial Case Management Conference. Dexon does request that such conference be scheduled *after* the currently scheduled December 8, 2022 video settlement conference. Such settlement conference was scheduled by the Honorable Judge Sallie Kim as a continuation of the parties' October 18, 2022 court ordered settlement conference.

Allowing for the exhaustion of good faith settlement efforts prior to the commencement of discovery promotes the interest of judicial economy. Further, Dexon's request is not intended to and will not promote any undue delay. The Court continued the settlement conference to December 8, 2022 as a result of progress made by the parties on October 18th.

As outlined in Dexon's Settlement Conference Statement, Dexon attempted to engage Cisco in discussions prior to the October 18, 2022 settlement conference concerning an acceptable framework for the parties to combat the mutual problem of counterfeit products. Such efforts were rejected by Cisco. However, Cisco did propose such a framework for the first time at the October 18th settlement conference. Although unacceptable to Dexon, Cisco's proposal did promote good faith negotiations. (In addition to being presented to Dexon for the first time on October 18th, Cisco's proposal involved multiple components which both sides acknowledged would require further consideration and negotiation.)

Dexon's intent is to take advantage of the scheduled December 8, 2022 settlement conference to further such negotiations and exhaust settlement efforts prior to commencing formal discovery. Dexon's request is likely to result in little or no actual delay considering the Court's schedule and the need for the parties to conduct a Rule 26(f) meeting and submit a Joint Rule 26(f) Report in advance of any Rule 16 Conference.

1  Lastly, contrary to Cisco's contention that discovery is necessary to achieve a settlement, the framework proposed by Cisco at the October 18th settlement conference involved disclosure of specific information by Dexon *post-settlement*.

Dated: October 28, 2022

Michael M. Lafeber
mlafeber@taftlaw.com
O. Joseph Balthazor Jr.
jbalthazor@taftlaw.com
**TAFT STETTINIUS & HOLLISTER LLP**
2200 IDS Center
80 S. 8th St.
Minneapolis, MN 55402

Respectfully submitted,

         */s/Amanda R. Washton*
Amanda R. Washton
a.washton@conklelaw.com
**CONKLE, KREMER & ENGEL, PLC**
3130 Wilshire Boulevard, Suite 500
Santa Monica, CA 90403

Attorneys for Defendant, Counterclaim Plaintiff and Third-Party Plaintiff Dexon Computer, Inc
Dexon Computer, Inc.