Seth A. Gold (SBN 163220)
Seth.Gold@btlaw.com
Roya Rahmanpour (SBN 285076)
Roya.Rahmanpour@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone:   (310) 284-3892
Facsimile:   (310) 284-3894

Attorneys for Third-Party Defendant
OPTIMUM DATA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CISCO SYSTEMS, INC., a Delaware corporation and CISCO TECHNOLOGY, INC., a California corporation,<br><br>                    Plaintiffs,<br><br>v.<br><br>DEXON COMPUTER, INC., a Minnesota corporation,<br><br>                    Defendant. | Case No. 3:20-cv-4926 CRB<br><br>Hon. Charles R. Breyer<br><br>**THIRD-PARTY DEFENDANT OPTIMUM DATA, INC.'S ANSWER TO THIRD-PARTY CLAIMS (DKT. NO. 150)**<br><br>**DEMAND FOR JURY TRIAL** |
| DEXON COMPUTER, INC., a Minnesota corporation,<br><br>                    Counterclaim Plaintiff and Defendant,<br><br>v.<br><br>CISCO SYSTEMS, INC., a Delaware corporation and CISCO TECHNOLOGY, INC., a California corporation,<br><br>                    Counterclaim Defendants and Plaintiffs | |

BARNES &
THORNBURG LLP
ATTORNEYS AT LAW
LOS ANGELES

THIRD-PARTY DEFENDANT OPTIMUM DATA, INC.'S ANSWER TO THIRD PARTY CLAIMS
CASE NO.: 3:20-CV-4926-CRB

| | |
|---|---|
| 1 | DEXON COMPUTER, INC., a Minnesota corporation, |
| 2 | |
| 3 | Third-Party Plaintiff, |
| 4 | v. |
| 5 | ATLANTIX GLOBAL SYSTEMS INTERNATIONAL, LLC, BIZCOM ELECTRONICS, INC., DIGI DEVICES ONLINE, ENTERPRISE BUSINESS TECHNOLOGIES, INC., FIBER CABLE CONNECTIONS, MJSI, MULTIMODE TECHNOLOGIES, LLC, NETWORK REPUBLIC, OPTIMUM DATA, INC., PARAGON, PURE FUTURE TECHNOLOGY, INC., SEASTAR IT TRADING LLC, SERVER TECH SUPPLY, SOFTNETWORKS, INC., STRADA NETWORKS, LLC, STRATEGIC TELECOM SUPPLY & SOLUTIONS, TEKSAVERS, UNLIMITED NETWORK SOLUTIONS, WISECOM TECHNOLOGIES, TECH NETWORK SUPPLY LLC, TEAM TECH GLOBAL LLC, ITECH DEVICES, and LINK-US, LLC |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | Third-Party Defendants. |

COMES NOW Third-Party Defendant Optimum Data, Inc. ("Optimum"), by its undersigned counsel, and submits its Answer and Affirmative Defenses to Third-Party Plaintiff's Third-Party Claims ("TP Complaint;" Dkt. No. 150) filed by Dexon Computer, Inc. ("Dexon") as follows:

## THIRD PARTY CLAIMS

1. The first paragraph of the TP Complaint prefaces Dexon's allegations and lists the Third Party Defendants and requires no response. To the extent a response is required, Optimum denies each and every allegation of misconduct alleged by Dexon and denies that Dexon is entitled to relief from Optimum.

## THE PARTIES

2. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 2 of the TP Complaint and therefore denies those allegations.

3. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 3 of the TP Complaint and therefore denies those allegations.

4. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 4 of the TP Complaint and therefore denies those allegations.

5. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 5 of the TP Complaint and therefore denies those allegations.

6. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 6 of the TP Complaint and therefore denies those allegations.

7. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 7 of the TP Complaint and therefore denies those allegations.

8. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 8 of the TP Complaint and therefore denies those allegations.

9. Optimum admits that Optimum is a Nebraska corporation with its principal place of business in Nebraska.

10. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 10 of the TP Complaint and therefore denies those allegations.

11. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of the TP Complaint and therefore denies those allegations.

12. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 12 of the TP Complaint and therefore denies those allegations.

13. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 13 of the TP Complaint and therefore denies those allegations.

14. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 14 of the TP Complaint and therefore denies those allegations.

15. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 15 of the TP Complaint and therefore denies those allegations.

16. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 16 of the TP Complaint and therefore denies those allegations.

17. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 17 of the TP Complaint and therefore denies those

allegations.

18. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 18 of the TP Complaint and therefore denies those allegations.

19. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 19 of the TP Complaint and therefore denies those allegations.

20. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 20 of the TP Complaint and therefore denies those allegations.

21. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 21 of the TP Complaint and therefore denies those allegations.

22. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 22 of the TP Complaint and therefore denies those allegations.

### **Supply of Alleged Counterfeit and Infringing Product**

23. Responding to Paragraph 23 of the TP Complaint, Optimum admits that it is a reputable dealer with respect to the products it sells, including but not limited to, Cisco products. Optimum denies any allegations inconsistent therewith and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 23 of the TP Complaint and therefore denies those allegations.

24. Responding to Paragraph 24 of the TP Complaint, Optimum admits that it has conducted business with Dexon. Optimum is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within Paragraph 24 of the TP Complaint and therefore denies those allegations.

25. Optimum states that Paragraph 25 of the TP Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Optimum denies the allegations

of Paragraph 25 of the TP Complaint.

26. Optimum admits that it has no duty to defend or indemnify Dexon in this lawsuit. Optimum otherwise denies the allegations of Paragraph 26 of the TP Complaint.

## FIRST THIRD PARTY CLAIM

### (Indemnification – All Third Party Defendants)

27. Responding to Paragraph 27 of the TP Complaint, Optimum reasserts and hereby incorporates by reference each of its responses set forth in the preceding paragraphs as if fully set forth herein.

28. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 28 of the TP Complaint and therefore denies those allegations.

29. Optimum states that Paragraph 29 of the TP Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Optimum denies the allegations of Paragraph 29 of the TP Complaint.

## SECOND THIRD PARTY CLAIM

### (Contribution – All Third Party Defendants)

30. Responding to Paragraph 30 of the TP Complaint, Optimum reasserts and hereby incorporates by reference each of its responses set forth in the preceding paragraphs as if fully set forth herein.

31. Optimum is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 31 of the TP Complaint and therefore denies those allegations.

32. Optimum states that Paragraph 32 of the TP Complaint contains legal conclusions to which no response is required. To the extent a response may be required, Optimum denies the allegations of Paragraph 32 of the TP Complaint.

## PAYER FOR RELIEF

In response to Dexon's Prayer for Relief, Optimum denies that Dexon is entitled to any relief of any kind from Optimum.

## OPTIMUMS'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Dexon's burdens of proof on its affirmative claims against Optimum, reserving its right to assert additional defenses, and affirmatively and solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, Optimum asserts the following defenses to the TP Complaint:

### FIRST AFFIRMATIVE DEFENSE

Dexon's TP Complaint and each cause of action contained therein fail, in whole or in part, to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Dexon is barred from pursuing its claims against Optimum in this Court because venue is improper.

### THIRD AFFIRMATIVE DEFENSE

Dexon's TP Complaint fails because Dexon has not suffered damages.

### FOURTH AFFIRMATIVE DEFENSE

Dexon's claims are barred, in whole or in part, because Dexon failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Dexon's claims are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Dexon lacks standing to assert any claims in the TP Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Dexon's claims are barred, in whole or in part, by the doctrine of estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Dexon's claims are barred, in whole or in part, by the doctrine of waiver.

### NINTH AFFIRMATIVE DEFENSE

Dexon's claims are barred, in whole or in part, because if Dexon has been damaged, it is the result of its own conduct or the conduct of third parties, for which Optimum is not responsible.

## TENTH AFFIRMATIVE DEFENSE

Optimum does not have sufficient knowledge or information to determine whether it may have additional, as yet unstated, affirmative defenses available. Optimum has not knowingly or intentionally waived any applicable additional affirmative defenses and reserves the right to assert these defenses as they become known to it during the pendency of this case, including by way of discovery. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Optimum reserves all affirmative defenses available at law or in equity that may be available now or in the future based on discovery or any other factual investigation. Further, Optimum reserves the right to amend this Answer and the defenses stated therein based on possible clarification of Dexon's TP Complaint, discovery, or further legal analysis.

***

## DEMAND FOR JURY TRIAL

Optimum demands trial by jury on all issues so triable.

Dated: December 22, 2022          BARNES & THORNBURG LLP

By: */s/ Roya Rahmanpour*
Seth A. Gold
Roya Rahmanpour
Attorneys for Third-Party Defendant
OPTIMUM DATA, INC.

**CERTIFICATE OF SERVICE**

I, certify that a true and correct copy of the above and foregoing document was duly served electronically on all known counsel of record through the Court's Electronic Filing System on this 22nd day of December, 2022.

Executed this 22nd day of December, 2022, at Los Angeles, California.

                                      */s/ Roya Rahmanpour*
                                        Roya Rahmanpour