RICHARD J. NELSON (SBN 141658)
E-Mail: *rnelson@sideman.com*
LOUIS P. FEUCHTBAUM (State Bar No. 219826)
E-Mail: *lfeuchtbaum@sideman.com*
ALEXANDER J. BUKAC (State Bar No. 305491)
E-Mail: *abukac@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Fl.
San Francisco, California 94111-3711
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Plaintiffs
Cisco Systems, Inc. and Cisco Technology, Inc.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

CISCO SYSTEMS, INC., a Delaware corporation, and CISCO TECHNOLOGY, INC., a California corporation,

Plaintiffs,

v.

DEXON COMPUTER, INC., a Minnesota corporation,

Defendant.

AND RELATED CROSS-ACTIONS

Case No. 3:20-cv-04926 CRB

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

Date: January 13, 2023
Time: 8:30 a.m.
Judge: Charles R. Breyer
Location: Courtroom 6, 17th Floor
450 Golden Gate Ave.
San Francisco, CA

Complaint Filed: July 22, 2020

Plaintiffs CISCO SYSTEMS, INC. and CISCO TECHNOLOGY, INC. (“Plaintiffs” or “Cisco”), Defendant DEXON COMPUTER, INC. (“Defendant” or “Dexon”), and Third Party Defendants OPTIMUM DATA and PARAGON, by and through their respective counsel of record, met on December 22, 2022, to discuss the matters set forth in Fed. R. Civ. P 26(f), Civil

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

L.R. 16-3, 16-8 and 16-9.

The parties, through their undersigned counsel, hereby submit the following Joint Rule 26(f) Report in accordance with the requirements of the foregoing rules, and the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement, Rev. October 20, 2022.

## I. JURISDICTION AND SERVICE

This is a federal trademark infringement and unfair competition action that involves claims to enforce rights and obtain remedies under the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, § 1338, and 15 U.S.C. § 1121(a). This Court has supplemental jurisdiction over the state statutory and common law claims asserted in this action pursuant to 28 U.S.C. § 1367(a).

Defendant filed a motion challenging personal jurisdiction of this case in the Northern District of California (Doc. 10), which the Court denied (Doc. 24). There are no current issues with regard to personal jurisdiction or venue.

Below is a table listing the dates of service of Dexon's Amended Third Party Complaint seeking indemnity/contribution from its suppliers of the allegedly counterfeit Cisco products:

| THIRD PARTY DEFENDANT | DATE OF SERVICE | STATUS |
|---|---|---|
| Bizcom Electronics, Inc. | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| Digi Devices Online | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| Enterprise Business Technologies, Inc. | 12/19/2022 | |
| Fiber Cable Connections | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| MJSI | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |

| THIRD PARTY DEFENDANT | DATE OF SERVICE | STATUS |
|---|---|---|
| Multimode Technologies, LLC | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| Network Republic | 12/21/2022 | |
| Optimum Data, Inc. | 12/14/2022 | Answer filed 12/22/2022 |
| Paragon | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| Pure Future Technology, Inc. | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| Seastar IT Trading, LLC | | Service attempted multiple times, Registered Agent unavailable; Proceeding via service by publication. |
| Server Tech Supply | 12/19/2022 | |
| Softnetworks, Inc. | 12/19/2022 | |
| Strada Networks, LLC | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| Strategic Telecom Supply & Solutions | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| Teksavers | 12/16/2022 | Stipulation to Extend time to Answer. Deadline to Respond 2/9/2023 |
| Unlimited Network Solutions | | Sent to Process Server on December 12, 2022; Waiting on Affidavit of Service |
| Wisecom Technologies | 12/16/2022 | Stipulation to Extend time to Answer. Deadline to Answer 2/6/2023 |
| Tech Network Supply, LLC | | Service attempted on 12/18/22. Process server advised Registered Agent address incorrect. Updated address provided to process server. |

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

| THIRD PARTY DEFENDANT | DATE OF SERVICE | STATUS |
|---|---|---|
| Team Tech Global, LLC | | Service attempted multiple times; Registered Agent unavailable; Proceeding via service by publication. |
| iTech Devices, Inc. | 12/19/2022 | |
| Link-US, LLC | 12/16/2022 | Stipulation to Extend time to Answer. Deadline to Answer 2/10/2023 |

## II. FACTS

Below is a brief chronology of the facts and a statement of the principal factual issues in dispute.

Plaintiffs contend that Defendant sold counterfeit Cisco products and has committed other unfair and deceptive business practices. Plaintiffs further contend, among other things, that the Defendant's use of one or more of its marks is likely to cause confusion, mistake or deception as to source, affiliation, connection, association, origin, sponsorship, or approval. Defendant denies those contentions.

Dexon denies selling counterfeit Cisco products. Dexon contends that it, along with hundreds of other independent resellers just like it, obtains and sells authentic computer networking products, including Cisco branded products, via the naturally occurring secondary market. To the extent Cisco is able to prove that any products sold by Dexon were in fact counterfeit, Dexon contends that the facts will confirm: i) Dexon was an innocent middleperson reseller; and ii) any such sales are the result of Cisco's own self-created counterfeit problem. Plaintiffs deny these contentions.

Third Party Defendant Optimum Data disputes that it has sold any counterfeit Cisco products. Dexon has not offered any evidence that any of the purportedly non-genuine Cisco products were provided by Optimum Data. Based on Optimum Data's records, it appears that it provided to Dexon just one Cisco module for $600 in June 2020, which module Optimum Data

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

maintains was not counterfeit. Given this miniscule amount in controversy, Optimum Data contends that Dexon has expanded the case unreasonably to include Optimum Data, and has unjustifiably pursued its claims against Optimum Data notwithstanding this de minimis monetary amount.

Third Party Defendant Paragon disputes that it has sold any counterfeit Cisco products.

The principal factual issues in dispute involve, without limitation, whether the allegedly counterfeit products sold by Dexon are in fact counterfeit and infringe on Cisco's trademarks, and the amount of damages that flow from Dexon's sales of allegedly counterfeit product. Without limitation, which marks have been used, when they have been used, where they have been used, how they have been used, whether there is a likelihood of confusion, the existence and nature of monetary damages and profits attributable to the use of the trademarks, whether the allegedly counterfeit products are in fact counterfeit, and the cause and responsibility for the existence of such counterfeit products in the stream of commerce, are factual issues that Dexon contends will be the subject of discovery.

## III. LEGAL ISSUES

Without limitation, below is a brief statement (without extended legal argument) of the key disputed points of law, including reference to specific statutes and decisions.

1. Whether Defendant's use of the marks: (1) constitutes trademark infringement, false advertising, false designation of origin and/or unfair competition under the Lanham Act or California common law; (2) whether there is a likelihood of confusion, mistake or deception; (3) whether the conduct was willful; (4) whether an injunction should issue; (5) whether money should be awarded, and if so, the amount of any such award; (6) whether this is an exceptional case in which attorneys' fees should be awarded

2. Whether Cisco's own conduct contributed to, caused or is responsible for any product sold by Dexon determined to be counterfeit; and whether Cisco should be estopped from collecting any damages as a result of, without limitation, its own conduct benefiting from the sale and existence of counterfeit product in the stream

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

of commerce.

## IV. MOTIONS

To date, there has been extensive motion practice related to the sufficiency of the pleadings and jurisdictional issues. There has been, however, little development of evidence in the more than two years that this case has been pending, making it difficult to anticipate the pretrial issues where the parties would need to seek the Court's guidance.

After having its counterclaims dismissed by this Court, which included claims that Cisco has engaged in anticompetitive practices that violate the Sherman Antitrust Act, Dexon filed a new action in the Eastern District of Texas which remains pending. Cisco is seeking to have those claims transferred here under the First To File Rule or dismissed pursuant to Rule 12(b)(6). The parties fully briefed these issues in Texas, and argument was heard during September. On December 22, 2022, the Magistrate Judge issued his Order that the Motion to Transfer be denied. Cisco believes that ruling is in error and has filed an Objection to the Order. Should that case be transferred back here, Cisco anticipates filing a 12(b)(6) motion, seeking dismissal on the same grounds as the antitrust claims were dismissed the first time.

Cisco and Dexon anticipate their divergent views on the appropriate scope of discovery will lead to motion practice. Cisco will be seeking discovery of the allegedly "Cisco" products sold by Dexon, which would support the contention in its complaint, that Dexon has been engaged in ongoing schemes to procure and sell counterfeit products over a period of more than 15 years. Cisco contends that discovery into these ongoing schemes would necessarily extend beyond inquiries regarding the specific examples of counterfeit products that are described in its complaint. On the other hand, Dexon believes that discovery must be limited to inquiries regarding only those products for which Cisco puts forth a good faith basis to allege such products are likely to be counterfeit.

## V. AMENDMENT OF PLEADINGS

Plaintiffs have amended their complaint, following jurisdictional discovery, and the operative complaint at this time is the First Amended Complaint (Doc. 32). Plaintiffs have not yet received transaction information from Defendant. To the extent discovery reveals that any person

SIDEMAN & BANCROFT LLP
LAW OFFICES
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

or entity should be added as a defendant, Plaintiffs will take the appropriate steps to do so. Dexon has amended its third party complaint to add its claimed suppliers of newly identified allegedly counterfeit products. Dexon intends to continue adding suppliers of any newly identified allegedly counterfeit products.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the ESI Guidelines and agree, as they begin to discuss and serve discovery, to review their plans for preserving ESI to ensure that material is appropriately preserved. The parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident for this action. All parties reserve their rights with respect to evidence preservation.

## VII. DISCLOSURES

The parties agreed to serve initial disclosures by January 12, 2023.

## VIII. DISCOVERY

### A. General Discovery Matters

Between November and December 2020, Cisco propounded three sets of jurisdictional discovery upon Dexon, and to which Dexon responded. Cisco then served approximately 45 subpoenas upon third parties, which sought information relevant to Cisco's assertion that California has personal jurisdiction over Dexon. Jurisdictional discovery was completed and Cisco filed its First Amended Complaint.

### B. Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)

(A) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:

No changes needed on form. Initial Disclosures will be made on or before January 12, 2023.

The parties reserve the right to increase these proposed limits for good cause shown. For purpose of these limits, Plaintiffs Cisco Systems, Inc. and Cisco Technology, Inc. shall be considered a single party (referred to collectively as "the Cisco Plaintiffs"). The parties agree that the maximum number of allowable

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

interrogatories shall be as follows:

**Cisco's Proposal**

Defendant shall be able to serve a maximum of 25 interrogatories, in total; Third Party Defendants, collectively, shall be able to serve a maximum of 25 interrogatories, in total, and; Cisco Plaintiffs, collectively, shall be able to serve a maximum of 25 interrogatories, in total. The maximum number of allowable party depositions shall be as follows: Defendant shall be allowed to conduct a maximum of 10 party depositions, in total; Cisco Plaintiffs, collectively, shall be allowed to conduct a maximum of 10 party depositions, in total, and; Third Party Defendants, collectively, shall be able to conduct a maximum of 10 party depositions, in total. The conduct of each deposition will be according to Fed. R. Civ. P. 30. Any deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall be treated as a single deposition regardless of the number of persons deposed to complete such deposition, subject to each party's right to challenge such 30(b)(6) designation request as excessively burdensome, or for another reason. There will be no limit to the number of third party depositions.

**Dexon's Proposal (Joined by Optimum Data and Paragon)**

Each party shall be able to serve a maximum of 25 interrogatories on each party. Any interrogatory propounded upon the Cisco Plaintiffs shall be responded to as if directed to each Cisco entity separately.

The parties agree that the maximum number of allowable party depositions shall be as follows: Each party shall be allowed to conduct a maximum of 10 party depositions, in total. The conduct of each deposition will be according to Fed. R. Civ. P. 30. Any deposition taken pursuant to Fed. R. Civ. P. 30(b)(6) shall be treated as a single deposition regardless of the number of persons designated to complete such deposition, subject to each party's right to challenge such 30(b)(6) designation request as excessively burdensome, or for another reason. There will be no limit to the number of third party depositions.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues;

The scope of anticipated discovery includes the issues identified in Section II above. It will be completed under the schedule submitted below.

Plaintiffs have discussed the need to obtain transactional information from Defendant that identifies Defendant's purchase and sale of allegedly counterfeit Cisco products (hardware and software licenses, and SMARTnet service contracts).

(C) Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced;

The parties agree that production of documents, including electronically stored information, can be in native format or hard copy form identified by Bates numbers or as PDF files, wherein each page bears a Bates number. However, a party may be required to produce documents, including electronically stored information, in native format, including metadata, to the extent not otherwise objectionable or privileged, upon the reasonable request of the receiving party.

The parties have agreed to work cooperatively regarding the exchange of electronically stored information, and will produce the information in mutually convenient forms. The parties have agreed, and ask the Court to adopt, the E-Discovery Model Order adopted by the Federal Circuit Advisory Counsel. A copy of the E-Discovery Model Order is attached hereto as Exhibit A.

(D) Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502;

The parties do not at this time anticipate any issues regarding privilege or protection of trial-preparation materials. For purposes of any privilege log(s) prepared by either party, the parties agree that privileged communications involving counsel of record in this action and privileged communications occurring after the filing date of this action do not need to be identified on a privilege log.

The parties' respective privilege log(s), if any, shall be exchanged within two (2) weeks of the corresponding document production.

(E) What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and

The parties do not propose any limitations or modifications of the discovery rules at this time. If a party believes that a modification of the discovery rules is necessary, the parties will meet and confer to determine if they can stipulate to that modification, and if that is unsuccessful, reserve the right to request relief from the Court.

(F) Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

None

## IX. CLASS ACTIONS

Not applicable.

## X. RELATED CASES

Cisco filed a Notice of Pendency of Other Action or Proceeding on May 16, 2022 (Doc. 118), relating to *Dexon Computer, Inc. v. Cisco Systems, Inc. and CDW Corporation*, Case No. 5:22-CV-53 (E.D. Tex.). Dexon disputes such cases are related.

## XI. RELIEF

All relief sought, including the amount of any damages sought and a description of the bases on which damages are calculated, are identified in the Complaint and shall be quantified through discovery.

The Plaintiffs seek all available relief under the Lanham Act, including injunctive relief, actual damages, a royalty and/or profits. The Defendant denies that Plaintiffs are entitled to any relief. Each party reserves the right to engage a damages expert and other experts as appropriate to opine on monetary recovery.

As this case relates to Optimum Data, Dexon's operative Third Party Complaint alleges two claims: (1) indemnification and (2) contribution. Optimum Data denies any wrongdoing and,

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

in particular, denies that Dexon is entitled to any relief of any kind from Optimum Data.

Paragon has been added to this case as a third-party defendant by Dexon, which seeks indemnification and contribution. Paragon denies any wrongdoing, and denies Dexon is entitled to any relief from Paragon.

**XII. SETTLEMENT AND ADR**

Cisco, Dexon, and Optimum Data participated in two settlement conferences with Magistrate Judge Kim, on October 18 and December 8, 2022. The matter did not settle, and the parties do not believe that additional settlement conferences at this point, before full discovery commences, would be productive. The Parties have complied with ADR L.R. 3-5 and filed the required ADR Certification documents.

**XIII. OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XIV. NARROWING OF ISSUES**

The parties anticipate that there may be issues or facts to which stipulations are appropriate that are learned during discovery or other meet and confer opportunities, and they will cooperate to narrow issues if possible. At present, they have conferred and no issues have been identified for narrowing by agreement.

**XV. EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this case is appropriate for an expedited schedule.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**XVI. SCHEDULING**

Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| Percipient discovery cut-off: | September 22, 2023 |
| Joint exchange of initial expert disclosures made pursuant to Fed. R. Civ. Proc. 26(a)(2): | October 9, 2023 |
| Joint exchange of rebuttal expert disclosures: | October 27, 2023 |
| Date for completion of expert discovery | November 13, 2023 |
| Last day to hear dispositive motions | January 19, 2023 |
| Pretrial Conference | March 8, 2024 |
| Trial | April 15, 2024 |

**XVII. TRIAL**

All parties have demanded a jury.

The parties agree that, until they have had an opportunity to conduct and complete discovery, it is difficult to estimate the number of witnesses that each side contemplates calling at trial or the number of hours required to try this case. Based on the information presently available to the parties, the expected length of trial at this time is 10-15 days.

**XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

**XIX. PROFESSIONAL CONDUCT**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**XX. OTHER MATTERS**

Counsel for the undersigned parties agree, pursuant to Rule 5(b)(2)(F), that service of documents is effective through delivery by email.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

DATED: January 6, 2023

SIDEMAN & BANCROFT LLP

By: *\/s/ Richard J. Nelson*
Richard J. Nelson
Attorneys for Plaintiffs
Cisco Systems, Inc. and Cisco Technology, Inc.

DATED: January 6, 2023

TAFT STETTINUIUS & HOLLISTER LLP

By: */s/ Michael M. Lafeber*
Michael M. Lafeber
Attorneys for Defendant and Third-Party Plaintiff
Dexon Computers, Inc.

DATED: January 6, 2023

K&L GATES LLP

By: */s/ Zachary T. Timm*
Zachary T. Timm
Attorneys for Third Party Defendant
Paragon

DATED: January 6, 2023

BARNES & THORNBURG LLP

By: */s/ Roya Rahmanpour*
Roya Rahmanpour
Attorneys for Third Party Defendant
Optimum Data, Inc.

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3) regarding signatures, I attest under penalty of perjury that I have obtained consent to file this document from every signatory above.

DATED: January 6, 2023

SIDEMAN & BANCROFT LLP

By: */s/ Richard J. Nelson*
Richard J. Nelson
Attorneys for Plaintiffs
Cisco Systems, Inc. and Cisco Technology, Inc.

LAW OFFICES
SIDEMAN & BANCROFT LLP
ONE EMBARCADERO CENTER, 22ND FLOOR
SAN FRANCISCO, CALIFORNIA 94111-3711

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

DATED: January __, 2023

By: ______________________________