IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CISCO SYSTEMS, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEXON COMPUTER, INC., et al.,<br><br>　　　　Defendants. | Case No. 20-cv-04926-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO TRANSFER** |

Third-party defendant Softnetworks brings a motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(3). Mot. to Dismiss (dkt. 188). Defendant and third-party plaintiff Dexon Computer, Inc. ("Dexon"), anticipating Softnetworks' motion, brings a motion to transfer to the District of Minnesota under 18 U.S.C. § 1404. Mot. to Transfer (dkt. 183).

As explained below, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Rule 7-1(b), VACATES the hearing currently set for April 28, 2023, GRANTS Softnetworks' motion to dismiss, and DENIES Dexon's motion to transfer.

**I.　BACKGROUND**

Because the Court and the parties are familiar with the facts of this case, see Cisco Sys., Inc. v. Dexon Computer, Inc., 541 F. Supp. 3d 1009, 1013–14 (N.D. Cal. 2021), the Court focuses on the facts relevant to the instant motions.

Dexon is a Minnesota corporation. See Am. Third Party Compl. (dkt. 150) ¶ 2. Softnetworks is a New Jersey corporation. See id. ¶ 14; Jiang Decl. (dkt. 188-1) ¶ 2. On February 10, 2020, Katy Graber at Dexon emailed Neal Cennamo at Softnetworks,

1  ordering 40 Cisco transceivers for $400.00 total.  Balthazor Decl. Ex. A (dkt. 194-2) at 71.
2  Dexon requested that the transceivers be shipped via Fedex Priority and received the next
3  business day.  Id.  Softnetworks shipped the transceivers from New Jersey to Minnesota.
4  Jiang Decl. ¶ 8.  Dexon indicates that it sold at least some of the transceivers purchased
5  from Softnetworks to SAFE Credit Union on April 24, 2020, and to Claremont McKenna
6  College on May 28, 2020.  Balthazor Decl. Ex. A at 1, 73–74.

7  After Cisco filed this action accusing Dexon of trafficking counterfeit Cisco
8  products, Dexon sent a demand for indemnification to Softnetworks.  Id. at 1–2.  Dexon
9  then filed claims against twenty third-party defendants, including Softnetworks, for
10 indemnification and contribution because they sold allegedly counterfeit Cisco products to
11 Dexon.  See Am. Third Party Compl.

12 Prior to Softnetworks' motion, other third-party defendants also brought motions to
13 dismiss for lack of personal jurisdiction or indicated that they might do so.  See, e.g., dkt.
14 79, 173.  Dexon opted to stipulate to the dismissal of those defendants rather than oppose
15 their motions.  See, e.g., dkts. 82, 186.  This time, however, Dexon has opposed
16 Softnetworks' motion, in addition to bringing its motion to transfer.  See Mot. to Transfer;
17 Opp'n to Mot. to Dismiss (dkt. 194).

18 **II.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**
19 **A.   Legal Standard**

20 A federal district court's jurisdiction over a defendant is the same as "the
21 jurisdiction of a court of general jurisdiction in the state where the district court is located."
22 Fed. R. Civ. P. 4(k)(1)(A).  California "allows the exercise of personal jurisdiction to the
23 full extent permissible under the U.S. Constitution."  Daimler AG v. Bauman, 571 U.S.
24 117, 125 (2014); see also Cal. Civ. Proc. Code § 410.10.  Under the Due Process Clause,
25 "a tribunal's authority depends on the defendant's having such 'contacts' with the forum
26 State that 'the maintenance of the suit' is 'reasonable, in the context of our federal system
27 of government,' and 'does not offend traditional notions of fair play and substantial
28 justice.'"  Ford Motor Co. v. Mont. Eighth Judicial Dist. Ct., 141 S. Ct. 1017, 1024 (2021)

2

(quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316–17 (1945)). This inquiry "has long focused on the nature and extent of 'the defendant's relationship with the forum state.'" Id. (quoting Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 582 U.S. 255, 262 (2017)). And that "focus" has resulted in "two kinds of personal jurisdiction: general (sometimes called all-purpose) jurisdiction and specific (sometimes called case-linked) jurisdiction." Id. Because the parties agree that general jurisdiction is not applicable here, Mot. to Dismiss at 4; Opp'n to Mot. to Dismiss at 7–11, the Court focuses on the requirements of specific jurisdiction.

Specific jurisdiction "covers defendants less intimately connected with a State," than general jurisdiction, but "only as to a narrower class of claims." Ford Motor Co., 141 S. Ct. at 1024. While general jurisdiction depends on the relationship between the defendant and the forum, specific jurisdiction depends on the relationship between "the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775 (1984)).

With those principles in mind, the Ninth Circuit has "established a three-prong test for analyzing a claim of specific personal jurisdiction":

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004) (quoting Lake v. Lake, 817. F.2d 1416, 1421 (9th Cir. 1987)). The party asserting jurisdiction (in this case, Dexon) bears the burden of satisfying the first two prongs of the test. Id. (citing Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)). If that party fails to satisfy either prong, personal jurisdiction is not established. Id. If that party satisfies both prongs, the

3

burden then shifts to the party challenging jurisdiction, who must "present a compelling case" that the exercise of jurisdiction would not be reasonable.  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476–78 (1985)).

**B.  Discussion**

Because Dexon has failed to satisfy the second prong—that its claim arises out of Softnetworks' forum-related activities—Dexon has failed to carry its burden, and Softnetworks' motion is granted.

Dexon only provides three pieces of evidence linking Softnetworks to California consumers: (1) Softnetworks "operates and maintains an interactive website accessible and directed to California consumers"; (2) Softnetworks "routinely visits the Cisco website"; and (3) Softnetworks "executes and performs contracts" in California, including using a California choice of law provision and arbitration clause in the terms on its website. Opp'n to Mot. to Dismiss at 4–5.

Dexon's claims do not "arise out of or relate to" any of these asserted contacts. Dexon does not assert that it used Softnetworks' website to order the Cisco products at issue; thus, the interactivity (or lack thereof) and whether the website is accessible to or directed at California consumers is immaterial.[1]  Further, whether and to what extent Softnetworks ever visits the Cisco website (which is presumably based in California) is irrelevant to the whether Softnetworks' sale to Dexon relates to or arises out of Softnetworks' California contacts.

Instead, Dexon argues that because the product it purchased from Softnetworks "made its way to California consumers," then its claims "relate to Softnetworks' forum-related activities."  Opp'n to Mot. to Dismiss at 10. But it was Dexon who sold Softnetworks' product to California consumers; Softnetworks had no control over where the product was sold after it sold the product to Dexon.  Because Dexon's claims must

---

[1] The terms on Softnetworks' current website that reference California law are also irrelevant for this reason, and for the additional reason that they were not on Softnetworks' website when Dexon purchased the products at issue.  See Jiang Supp. Decl. (dkt. 196-1) ¶ 11.

4

"arise out of or relate to [Softnetworks'] contacts with the forum," not Dexon's contacts with the forum, Dexon has failed to meet its burden on this element. Ford Motor Co., 141 S. Ct. at 1025 (quoting Bristol-Myers, 582 U.S. at 262); see also Walden, 571 U.S. at 285 ("But the plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.").

Because Dexon has failed to meet its burden on the second prong, the Court need not address the first and third prongs of the test. See Schwarzenegger, 374 F.3d at 802.

### C.  Jurisdictional Discovery

In the alternative, Dexon requests jurisdictional discovery into "the nature and extent of all [Softnetworks'] business activities, such as where sales are conducted, what products are sold and to whom, [and] where and how the products are marketed . . . ." Opp'n to Mot. to Dismiss at 11–12 (quoting Riviera Distributors, Inc. v. High-Top Amusements, Inc., No. 07-1239, 2008 WL 687385, at *10 (C.D. Ill. Mar. 11, 2008)). But the Court decides this motion not on the first prong of the personal jurisdiction test—whether the defendant has "purposefully availed [itself] of the privilege of conducting activities in the forum"—but the second prong, the relationship between Softnetworks' forum activities and the sale in question. That sale involved emails exchanged and products shipped between New Jersey (Softnetworks) and Minnesota (Dexon). Dexon has not put forth any evidence that Softnetworks' California contacts had anything to do with that sale—except that Dexon then sold those products in California. Opp'n to Mot. to Dismiss at 10. Jurisdictional discovery is not warranted "based on little more than a hunch that it might yield jurisdictionally relevant facts." Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).

Accordingly, Softnetwork's motion to dismiss for lack of personal jurisdiction is granted.

### III. MOTION TO TRANSFER

#### A. Legal Standard

"For the convenience of parties and witnesses, and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district of division to which all parties have consented." 28 U.S.C. § 1404(a). A court must "weigh multiple factors in its determination whether transfer is appropriate in a particular case," including: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–499 (9th Cir. 2000).

#### B. Discussion

Dexon argues that transfer to the District of Minnesota is proper at this juncture because it has brought claims against third-party defendants for selling allegedly counterfeit Cisco products to Dexon in Minnesota. These third-party claims, and the jurisdictional issues surrounding them, do not alter the Court's past decision to deny Dexon's prior motion to transfer. Cisco Sys., Inc. v. Dexon Computer, Inc., 541 F. Supp. 3d 1009, 1019 (N.D. Cal. 2021).

As in 2021, when the Court denied Dexon's original motion to transfer, the vast majority of the factors weigh against transfer: Cisco still asserts claims under both federal and California, and not Minnesota, law; "many of the transactions giving rise to Cisco's claims were consummated in California"; Dexon has meaningful contacts with California; and California is still Cisco's choice of forum. See id. The only factor that has changed is Dexon's third-party claims for indemnification and contribution against the remaining third-party defendants, which Dexon contends alters the transfer calculus in its favor.

6

The Court is not persuaded. While Dexon's principal place of business is in Minnesota, that third-party defendants are scattered, with only one principally in Minnesota (and four located in California). See Mot. to Transfer at 7–8; Am. Third-Party Compl. ¶¶ 3–22. Even assuming there is personal jurisdiction over all third-party defendants in Minnesota—which is not guaranteed—it is not at all clear that most of the proof and witnesses relating to Dexon's third-party claims will be found in Minnesota, as Dexon claims. See Softnetworks Opp'n to Mot. to Transfer (dkt. 189) at 6–8.[2]

The Court is aware, as it was in 2021, that Minnesota would be more convenient forum for Dexon to resolve this litigation. But because it remains a less convenient forum for nearly all of the other parties in this case, Dexon's motion to transfer is again denied.

## IV. CONCLUSION

For the foregoing reasons, Softnetworks' motion to dismiss for lack of jurisdiction is GRANTED and Dexon's motion to transfer is DENIED.

**IT IS SO ORDERED.**

Dated: April 21, 2023



CHARLES R. BREYER
United States District Judge

---

[2] Dexon's delay in bringing this renewed motion to transfer, while not dispositive, is also worth noting. Dexon first brought its third-party claims in 2021. See dkt. 43. It has long known that jurisdictional issues may arise with haling these defendants to court in California, after facing two prior motions to dismiss for lack of personal jurisdiction before the present motion. See dkts. 79; 173. In that time, the Court and the parties have expended significant resources on this case. See, e.g., dkts. 87, 106, 127, 141, 152. "[I]t is common sense that the party seeking a change of venue should act with reasonable promptness," and the Court is not convinced that Dexon did so here. Procedure for Transfer, 15 Fed. Prac. & Proc. § 3844 (4th ed.).