RICHARD J. NELSON (State Bar No. 141658)
E-Mail:     *rnelson@sideman.com*
LOUIS P. FEUCHTBAUM (State Bar No. 219826)
E-Mail:     *lfeuchtbaum@sideman.com*
ZACHARY J. ALINDER (State Bar No. 209009)
E-Mail:     *zalinder@sideman.com*
LYNDSEY C. HEATON (SBN 262883)
E-Mail:     *lheaton@sideman.com*
ALEXANDER J. BUKAC (State Bar No. 305491)
E-Mail:     *abukac@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Twenty-Second Floor
San Francisco, California 94111-3711
Telephone:     (415) 392-1960
Facsimile:     (415) 392-0827

Attorneys for Plaintiffs and Cross-Defendants
CISCO SYSTEMS, INC. and
CISCO TECHNOLOGY, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CISCO SYSTEMS, INC., a Delaware corporation, and CISCO TECHNOLOGY, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>DEXON COMPUTER, INC., a Minnesota corporation,<br><br>Defendant.<br><br>AND RELATED CROSS-ACTIONS | Case No. 3:20-cv-04926 CRB<br><br>**PLAINTIFFS CISCO SYSTEMS, INC. AND CISCO TECHNOLOGY, INC.'S RESPONSE TO DEFENDANT DEXON COMPUTER, INC.'S OBJECTION TO NEW EVIDENCE AND ARGUMENTS INCLUDED IN PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION REPLY BRIEF**<br><br>Judge:   Hon. Charles R. Breyer<br>Date:    June 30, 2023<br>Time:    10:00 a.m.<br>Crtrm.:   Zoom<br><br>Honorable Charles R. Breyer |

## I. INTRODUCTION

Dexon's Objection to New Evidence and Arguments Included in Plaintiff's Motion for Preliminary Injunction Reply Brief ("Objection") is procedurally improper and meritless. Cisco's reply in support of its Motion for Preliminary Injunction ("Reply") merely responds directly to arguments made in Dexon's Opposition and provides the same kinds of evidentiary support previously included in Cisco's opening papers. Dexon's brief was also untimely filed, is overlength, and makes improper merits arguments. On these grounds, Dexon's Objection should be overruled. In the alternative, Cisco respectfully requests that the Court deem the Objection a sur-reply and consider it along with the other motion papers.

## II. DEXON'S OBJECTION IS PROCEDURALLY IMPROPER

Pursuant to Civil Local Rule 7-3(c), "any reply to an opposition may include affidavits or declarations, as well as a supplemental brief or memorandum," thus the Rules themselves contemplate evidentiary support accompanying reply briefing. The Rules go on to state, in subsection 7-3(d), that "[o]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval, except" an objection to reply evidence to be filed and served "not more than 7 days" after the reply was filed.[1] Civil L.R. 7-3(d). Cisco filed its Reply on May 30, 2023, but Dexon did not file its "objection" until June 12th, a full 13 days later, in violation of Rule 7-3(d). Dexon's Opposition also exceeds the Rule's 5-page limit. Thus, this Court need not entertain Dexon's belated Objection.

Dexon also violated Rule 7-3(d) – which prohibits including further argument on the main motion in any proper "objection" to new evidence. Dexon's papers are replete with improper, additional argument on the merits of the motion as to whether Cisco has met its burden of proving likelihood of success on the merits and irreparable harm. If Dexon wanted the opportunity to respond to Cisco's reply arguments and evidence (which are not new in any event), it should have asked for leave to file a sur-reply, which it did not do. The insertion of such additional argument

---

[1] The Local Rules also permit the parties to submit recently decided cases without the need to seek leave, which is irrelevant here.

2835-290\7068282v2                                    2                          Case No. 3:20-cv-04926 CRB

1 in the Objection simply further exemplifies the improper nature of Dexon's latest filing.  For these
2 reasons alone, Dexon's Objection should be overruled.

### III.   DEXON'S OBJECTION IS MERITLESS

Beyond its multiple, procedural infirmities,  Dexon's Objection fails on the merits. Cisco's Reply papers and supporting declarations directly rebut arguments Dexon raised in its Opposition briefing, making them proper reply material which does not qualify as "new" evidence or argument.  Evidence presented to rebut a claim made in opposition brief is not "new" under the law.  *S.E.C. v. Priv. Equity Mgmt. Grp., Inc.*, No. CV 09-2901 PSG (EX), 2009 WL 2488044, at *8 (C.D. Cal. Aug. 10, 2009)  "As this evidence is being presented to rebut a claim made by [the opposing party] in his opposition, the Court does not deem to it be "new" evidence within the meaning of *Provenz*.");  *E.E.O.C. v. Creative Networks, LLC & Res-Care, Inc.*, No. CV-05-3032-PHX-SMM, 2008 WL 5225807, at *2 (D. Ariz. Dec. 15, 2008) ("The Court has examined the challenged exhibits and concludes that they do not constitute new evidence. Rather, they rebut arguments first raised by Plaintiff in its opposition to Defendant's Motion for Summary Judgment. Consequently, the submissions were proper and Plaintiff's Motion to Strike as it pertains to the specified exhibits is denied."); *Living on the Edge, LLC v. Lee*, No. CV-14-5982-MWF-JEMX, 2015 WL 12661917, at *3 (C.D. Cal. Aug. 25, 2015) ("the Court has examined the challenged exhibits and how they are used in the Reply, and concludes that they do not constitute new evidence. Rather, they rebut arguments raised by Plaintiff in its opposition to Defendants' Motion for Summary Judgment. Consequently, these objections are overruled.").

Cisco's Reply and the accompanying declarations are exactly that type of rebuttal.  In its Opposition to Cisco's Motion for Preliminary Injunction, Dexon argued that Cisco had not met its burden of showing likelihood of success on the merits, claiming that the declarations filed in support of Cisco's opening briefs lacked sufficient detail or evidentiary bases to support injunctive relief.  *See* Opp. at pp. 9-12, and 15-16.  Dexon made this argument despite the fact that one of the heads of Cisco's Brand Protection group, who is familiar with Dexon's counterfeit sales, swore to his direct knowledge of Dexon's infringing activity and despite the fact that Cisco provided numerous documents Dexon produced in the ongoing litigation in the Eastern District of Texas

1  which show Dexon's active concealment of its involvement in counterfeit sales.  *See generally*
2  Williams Opening Declaration; Nelson Opening Declaration.  Dexon did not then and does not
3  now provide any evidence to disprove Cisco's allegations that it has sold counterfeit Cisco
4  products over many years.  In response to the Opposition and to bolster the evidence of Dexon's
5  infringing activity, Cisco provided in its Reply a copy of an Executive Summary Report ("ESR")
6  showing how Cisco determined Dexon's products to be counterfeit and a certification that Cisco
7  provided other ESRs to Dexon with respect to other counterfeit products sold.  *See* Williams
8  Reply Decl. ¶¶ 5-6.  Dexon, tellingly, does not even attempt to rebut the actual analyses
9  performed by Cisco, and did not seek leave to file a sur-reply to do so.

10  In one of the cases Dexon relies on, *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996), the
11  Ninth Circuit did not find that striking legitimately "new" evidence submitted in reply was the
12  required course of action, but merely held that it would be improper to consider such new
13  evidence without allowing the opposing party to respond.  If the Court agrees with Dexon that
14  Cisco presented new evidence or argument in Reply (an assessment which Cisco disputes), then
15  the proper remedy would not be to strike Cisco's reply papers, but instead to allow Dexon the
16  opportunity to file a sur-reply, not simply to strike the Reply papers.  *See Hodges v. Hertz Corp.*,
17  351 F. Supp. 3d 1227, 1249 (N.D. Cal. 2018) ("The court exercises its discretion and considers
18  Defendants' new evidence because it responds to Plaintiffs' opposition and is consistent with the
19  argument and evidence presented in the moving papers. In the interest of having a complete
20  record, the court also considers Plaintiffs' responses to the new evidence.").  But Dexon has not
21  sought leave to do so.

22  Further, the Williams Reply Declaration and Nelson Reply Declaration both respond to
23  Dexon's Opposition argument that Cisco somehow should have known about Dexon's continued
24  counterfeiting.  The Reply explained why a Cisco employee could not have established the
25  connection between Dexon and past sales of counterfeit Cisco products– because Cisco learned of
26  these facts through Dexon's production of documents in the Texas Litigation and as all of those
27  documents have all been marked HCAEO by Dexon.  If Dexon chooses to remove the HCAEO
28  designation and allow Cisco's Brand Protection personnel to view the documents Dexon produced

1  in the Texas case, Cisco would not need outside counsel to connect Dexon with sales of
2  counterfeit Cisco products.  Cisco continues to learn more about Dexon's counterfeiting as it
3  receives more discovery in the Texas case and as Dexon continues to infringe Cisco trademarks by
4  selling counterfeit gear.  The quantum of evidence supporting Cisco's Motion for Preliminary
5  Injunction has only continued to grow.
6         The other cases Dexon's cites for support are also unavailing.  In *Vinluan-Jularbal v.*
7  *Redbubble, Inc.*, No. 22-1CV-00573JAM-JDP, 2021 WL 4286539, at *5 (E.D. Cal. Sept. 21,
8  2021), the only evidence plaintiff provided in support for preliminary injunctive relief was a
9  declaration from a paralegal stating that he had visited the defendant's website and believed the
10 products "appeared to be counterfeit".  Here, by contrast, we have Cisco's Brand Protection
11 personnel, with years of experience in identifying counterfeit Cisco products, swearing to the
12 analysis Cisco performed on products Dexon sold based on console readouts and other
13 information.   Next, Dexon gets the holding of *Innovation Ventures, LLC v. Pittsburg Wholesale*
14 *Grocers, Inc.*, No. C 12-05523 WHA, 2012 WL 6697695, at *4 (N.D. Cal. Dec. 24, 2012) wrong.
15 In that case, Judge Alsup did not find the declarations submitted to be "false," but that it was
16 hearsay for the plaintiff's broker to claim that "a [] manager [of the defendant] falsely represented
17 that their inventory of 5–hour Energy products was purchased from plaintiffs." That issue is
18 wholly unrelated to the evidence submitted in Reply here, which consists of Cisco Brand
19 Protection Personnel testifying to Cisco business records and internal analyses and Cisco's outside
20 counsel reflecting information contained in business records Dexon produced.  In *Essence*
21 *Imaging Inc. v. Icing Images LLC*, No. 2:13-CV-5449-CAS, 2014 WL 1384028, at *2 (C.D. Cal.
22 Apr. 9, 2014), the focus of the inquiry was on evidence of economic injury and "lost money or
23 property", making it inapplicable to the instant matter where there is a presumption of irreparable
24 harm from Dexon's counterfeiting and Cisco has submitted evidence to support that presumption.
25 *See* Williams Opening Decl., ¶¶ 12 and 16. And *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d
26 1087, 1104 (N.D. Cal. 2017), stands for the unremarkable position that entirely new evidence
27 submitted in a reply in support for summary judgment may be stricken.  None of these cases
28 support granting the relief Dexon seeks here.

Finally, the Court should note that Dexon still has not disputed that it has sold counterfeit "Cisco"-branded products, only that it does not believe that the burden of proof has been met. While Cisco strongly disagrees, the allowance of a sur-reply by Dexon or an evidentiary hearing would be the proper remedy, not striking Cisco's Reply.  However, it is Cisco's position that even the evidence and argument submitted in its opening papers is sufficient to warrant granting the Motion, without more.

## IV.  CONCLUSION

Dexon's Objection is a belated, procedurally improper, and meritless attempt to prevent the Court from considering additional information concerning Cisco's determinations that Dexon sold counterfeit products.  Cisco respectfully requests the Court overrule Dexon's Objection (or, in the alternative, deem Dexon's Objection a sur-reply) and grant Cisco's Motion for Preliminary Injunction in its entirety.

DATED:  June 20, 2023                SIDEMAN & BANCROFT LLP

By: _____
Lyndsey C. Heaton
Attorneys for Plaintiffs and Cross-Defendants
CISCO SYSTEMS, INC. and
CISCO TECHNOLOGY, INC.