# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DEXON COMPUTER, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:22-cv-00053-RWS-JBB |
| ) | |
| v. ) | |
| ) | |
| CISCO SYSTEMS, INC. and ) | |
| CDW CORPORATION, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PROTECTIVE ORDER**

The Court issues this Protective Order to facilitate document disclosure and production in this action under the Local Rules of this Court and the Federal Rules of Civil Procedure.

In support of this Order, the Court finds that:

a. Materials exchanged throughout the course of the litigation may contain trade secret or other confidential research, technical, cost, price, marketing, or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G);

b. Plaintiff and Defendants (collectively referred to as "Parties," or individually as a "Party") to this litigation may assert that public dissemination and disclosure of confidential information could severely injure or damage the party disclosing or producing the confidential information and could place that Party at a competitive disadvantage;

c. Counsel for the party receiving confidential information are presently without sufficient information to accept the representation(s) made by the party producing confidential information as to the confidential, proprietary, and/or trade secret nature of such

confidential information; and

d. To protect the respective interests of the Parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

## DEFINITIONS

1. The term "Challenging Party" will mean a Party that challenges the designation of information or items under this Order.

2. The term "Confidential Information" will mean and include information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" pursuant to this Protective Order by any Party or subpoenaed non-party ("Non-Party") to which it belongs.

3. The term "Counsel" will mean (a) Outside Counsel of Record (including other attorneys, paralegals, secretaries, and other support staff employed in the law firms whose attorneys have entered an appearance in this action); and (b) In-House Counsel, as defined below.

4. The term "Designating Party" will mean a Party or Non-Party that designates information or items that produces it in discovery in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

5. The term "Disclosure" will mean all Materials, items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in discovery in this matter.

6. The term "Expert" will mean a person who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not

anticipated to become an employee of a Party or of a Party's competitor.

7. The term "In-House Counsel" will mean (a) in-house litigation counsel; and (b) other in-house counsel whose responsibilities do not include operational business or competitive decision-making authority; provided disclosure to counsel covered by subparagraphs (a) and (b) hereof is reasonably necessary for the prosecution or defense and conduct of this litigation and further provided that such in-house counsel has read this Order and signed Exhibit A.

8. The term "Materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonable usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; and other physical objects.

9. The term "Non-Party" will mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

10. The term "Outside Counsel of Record" will mean attorneys who are not employees of a Party but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared in this action on behalf of that Party.

11. The term "Party" will mean any party to this action.

12. The term "Producing Party" will mean a Party or Non-Party that produces Materials in

this action.

13. The term "Receiving Party" will mean a Party that receives Disclosure or Confidential Information from a Producing Party.

## GENERAL RULES

1. Each Party or subpoenaed Non-Party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order (hereinafter, the "Producing Party") may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

    (a) <u>Designation as "CONFIDENTIAL"</u>: Any Producing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Producing Party and its counsel, such information is or reflects non-public personal, financial, proprietary, customer or client information, business information, or commercially sensitive information.

    (b) <u>Designation as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"</u>: Any Producing Party may designate information as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only if, in the good faith belief of such Producing Party and its counsel, the information is believed to be so highly sensitive that: (i) it is the subject of reasonable efforts to maintain its secrecy; and (ii) it is sufficiently valuable and secret to afford a potential or actual business, commercial, financial, competitive, or other market advantage over others. Disclosure subject to this designation shall be limited to: (a) product-level cost, price, and margin data; (b) current and recent (<2 year) customer sales data

including associated customer strategy; (c) trade secrets; and (d) current and recent (<2 year) competitive strategy research and data. The parties may mutually agree on additional categories of information that shall qualify as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY".

2. Producing Parties shall designate "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" materials in the manner set forth below. To expedite production, a Producing Party may, but is not required to, designate entire documents or materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" if such documents or materials contain information meriting such designation.

(a) In the case of physical or electronic documents or data (apart from depositions or other pretrial testimony, but including discovery responses such as interrogatories, compulsory disclosures and other written information), the Producing Party shall mark such Discovery Material with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on each page of the relevant materials at the time of their production. PowerPoint presentations, and any speaker notes from PowerPoint presentations, shall be produced as TIFF images, and each TIFF image shall bear a document control number and the confidentiality designation, if any. Excel spreadsheets, if produced by any Party in native format, and any other native files that may be produced, shall be produced by such Party with a corresponding, placeholder TIFF bearing a document control number and the confidentiality designation, if any.

(b) In the case of materials produced in the form of electronic or magnetic media (including information, tiles, databases or programs stored on any digital or analog

machine-readable device, computers, discs, networks or tapes), the Producing Party shall affix a label on the media or its casing indicating its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and, if possible, shall identify in an accompanying cover letter the specific data included in such media that is subject to the designation.

(c) In the event the Producing Party elects to produce Materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting Party, the Producing Party must, within a reasonable time prior to producing those materials to the inspecting Party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

3. Whenever testimony is given in deposition or in other pretrial or trial proceedings that involves a disclosure of Confidential Information of any Party or subpoenaed Non-Party:

(a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order. A Party or subpoenaed Non-Party will have until fourteen (14) days after receipt of the deposition transcript to inform the other Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Until the expiration of such 14 days, the Parties shall treat the testimony as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

(b) The disclosing Party or subpoenaed Non-Party will have the right to exclude from attendance at the deposition, during such time as Confidential Information is to be disclosed, any person not authorized by this Order to receive such information. The use of a document as an exhibit at a deposition shall in no way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

(c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the title page, as appropriate, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Confidential Information and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements.

4. All confidential information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" must not be disclosed by the Receiving Party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

(a) Information designated "CONFIDENTIAL" may only be viewed by Outside Counsel of Record of the Receiving Party in this action; the In-House Counsel of the Receiving Party; during their depositions or other testimony, witnesses; Experts who have signed Exhibit A; the Court and its personnel; court reporters and their staff; professional jury or trial consultants to whom disclosure is reasonably necessary and

who have signed Exhibit A; the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; persons engaged by a Party's counsel to furnish litigation support services, such as, but not limited to, E-discovery vendors, technological support staff, and office support staff; officers of the Court; members of the jury; any other person to whom the Court compels disclosure or to whom disclosure is required by law; and employees of a Party's insurer, to the extent that such disclosure is reasonably necessary for the prosecution or defense of that Party in this action and such employees have signed Exhibit A.

(b)     Information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may only be viewed by persons listed in Paragraph 4(a) of this Order except by In-House Counsel apart from two In-House Counsel (who qualify as In-House Counsel under Paragraph 7(b) of this Order and sign Exhibit A), who may receive information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." The two In-House Counsel must be disclosed and designated by each Party within five days of the entry of this Order. Each designating party will confirm for each proposed designee:  (i) title and dates of employment at the Party, (ii) confirmation that the designee would submit an affidavit that he/she has not had any input into the Party's competitive decision-making in the year prior to becoming a designee, and will not have such input while serving as the designee.   The non-designating Parties shall thereafter have seven days following each designation to provide the designating Party a written challenge to either or both designated In-House Counsel, which shall state all reasons and bases for the

challenge. The Parties shall thereafter and within five days meet and confer in an attempt to resolve the challenge. If the Parties are at impasse following the meet and confer, the challenging Party shall within two days of the conference submit to the designating Party a brief of no more than two pages challenging the designation(s) and a proposed order. The designating Party shall within two days of receipt of the challenging Party's brief provide to the challenging Party a brief insert of no more than two pages and a proposed order. The challenging Party shall, on that day and without further exchanges of or modifications to the briefing between the Parties, file the brief and proposed orders as a joint submission for the Court's resolution. The two In-House Counsel designated by each Party may not be changed unless one or both ceases to serve as In-House Counsel (in which event, a Party may disclose and designate substitute In-House Counsel, provided that the previously identified In-House Counsel shall no longer have access to material designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" as of the date of the substitute designation").

5. <u>Witnesses</u>: A witness who has been subpoenaed or noticed for deposition, hearing, or trial in the above-captioned case not otherwise authorized to view the information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY" in question, has the right to review such information during that witness's testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same; provided that: (1) the name of the witness appears on the document either as an author or recipient thereof or in the body of the document; (2) the witness is a current employee of the Producing Party; (3) the witness is a former employee of the Producing Party who was employed at the time the document was created (provided the former employee is not currently employed by a Party in this matter or a company who currently competes with a Party in this

matter); or (4) counsel for the Producing Party expressly authorizes in writing disclosure of the information to the witness prior to its disclosure.

> (a) Any witness authorized pursuant to subparagraphs (2, 3, or 4) of paragraph 5 to review information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may only review such information provided that: (1) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (2) the witness is not permitted to retain the information designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" after the witness is examined regarding the Confidential Information, unless the witness was previously authorized to possess the information prior to the examination; and (3) the witness signs Exhibit A.

6. <u>Experts</u>: Any Expert (testifying or otherwise) who is to receive or review Confidential Information must sign a copy of the form attached hereto as Exhibit A in advance of seeing or receiving such Confidential Information.

7. Material designated Confidential Information may be shown to any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, or a custodian or other person who otherwise possessed or knew the information. Nothing herein is intended to limit or govern the manner in which the Producing Party handles its own documents produced that are given a confidential designation hereunder, including without limitation to whom the documents may be shown.

8. Any handwritten or typed notes made by Counsel about the Confidential Information shall be treated as Confidential Information.

9. Before any materials produced in discovery, answers to interrogatories, responses

to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the Party seeking to file such material must seek permission of the Court to file the material under seal.  If a Party wishes to file or lodge documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under seal, the other Parties shall not unreasonably withhold agreement to such procedure. If an agreement is reached, the Parties shall submit to the Court a Joint Motion and Proposed Order for such filing or lodging under seal. If no such agreement is reached, then the proponent of lodging or filing under seal shall seek a sealing order from the Court consistent with the Local Rules of the United States District Court for the Eastern District of Texas and applicable chamber rules.

      10. At any stage of these proceedings, any Party may challenge a designation of Material that has been designated as Confidential Information. The Challenging Party must notify, in writing, counsel for the Producing Party of the objected-to Materials and the grounds for the objection. The Parties agree to meet-and-confer in good faith in an attempt to resolve the questions and/or disagreements of the Challenging Party within 14 days of the date of service of notice. If the dispute is not resolved consensually between the Parties, not later than 21 days after the delivery of written notice of the objections, the Parties agree to prepare and submit a joint letter brief setting forth their respective positions (five pages maximum length) to the Magistrate Judge for review and a decision on the dispute. The Parties agree that any such dispute may be heard and resolved, if so desired by the sitting Magistrate Judge, through a telephone conference call. The materials at issue must be treated as containing Confidential Information, as designated by the Designating Party, until the Court has ruled on the objections, and the time for any appeals or review of such ruling has expired, or the matter has been otherwise resolved.

11. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each Party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

12. No Party will be responsible to another Party or subpoenaed Non-Party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

13. If a Party or subpoenaed Non-Party, through inadvertence, produces any Confidential Information to another Party without labeling or marking or otherwise designating it as such in accordance with this Order, the Designating Party or subpoenaed Non-Party may give written notice to the Receiving Party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The Receiving Party must treat the materials as Confidential Information, once the Designating Party so notifies the Receiving Party. If the Receiving Party has disclosed the materials before receiving the designation, the Receiving Party must notify the Designating Party in writing of each such disclosure.

14. When a Producing Party gives notice to receiving parties that certain inadvertently or mistakenly produced information, document, or thing is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil

Page **12** of **18**

Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity or other applicable protections. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Protective Order.

15. Nothing within this Order will prejudice the right of any Party or subpoenaed Non-Party to object to the production of any Material on the grounds that the Material is protected as privileged or as attorney work product.

16. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

17. This Order will be without prejudice to the right of any Party or subpoenaed Non-Party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either Party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

19. Within ninety (90) days following the final termination of this action, including

any and all appeals, Counsel for each Party must take all reasonable steps to return all Confidential Information to the Party or subpoenaed Non-Party that produced the information, including any copies, excerpts, and summaries of that information, or must take all reasonable steps to destroy same at the option of the Receiving Party, including purging all such information from all machine-readable media on which it resides. Should Counsel decide to destroy/delete rather than return any of the applicable Confidential Information, Counsel shall provide the party that produced such information with written certification that the destruction/deletion of all Confidential Information has been completed. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained Confidential Information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

20. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Parties agree should not be designated Confidential Information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the Receiving Party, its employees, or its agents in violation of this Order; or (d) has come or will come into the Receiving Party's legitimate knowledge independently of the Disclosure by the Designating Party. Prior knowledge must be established by pre-production documentation.

21. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains

legitimate possession of that information.

22. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the Parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

25. If another court or government agency subpoenas or orders production of Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that a Party has obtained under the terms of this Order, such Party shall, immediately or as soon as practicable, but in any event at least fourteen (14) days before such designated Materials are required to be produced, notify the Designating Party of the pendency of the subpoena, public records request, or order, in writing, and provide a copy of the subpoena or court order, and unless compelled to do so by court order shall not produce the designated information until the expiration of the 14 days. If the Designating Party timely seeks a protective order, the Party served with the Subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the applicable court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information – and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

26. <u>All Disclosure produced</u> in this action by Dexon Computer, Inc. or Cisco Systems, Inc. (but not CDW Corporation or any Non-Party) shall be deemed produced in *Cisco Systems, Inc. et al. v. Dexon Computer, Inc.*, No. 20-4926 (N.D. Cal.), and shall be handled as required by both this Order and the protective order in that case, Dkt. 28, with the more restrictive order governing in case of any inconsistency. For purposes of such Disclosure, all references in this Order (including Exhibit A hereto) to this action shall also include *Cisco Systems, Inc. et al. v. Dexon Computer, Inc.*, No. 20-4926 (N.D. Cal.).

SIGNED this the 26th day of September, 2022.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____ and is located at_____.

3. My present occupation or job description is _____.

4. I have carefully read in its entirety and understand the provisions of the PROTECTIVE ORDER in the case of _____ signed by the Court, and I will comply with all provisions of the Protective Order. I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

5. I will hold in strict confidence and not disclose to anyone not qualified under the Protective Order any Confidential Material (defined as material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or information derived from such materials) or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     _____

Page **18** of **18**