IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CISCO SYSTEMS, INC., et al., | Case No.  20-cv-04926-CRB |
| Plaintiffs, | |
| v. | **ORDER RE: ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** |
| DEXON COMPUTER, INC., et al., | |
| Defendants. | |

Plaintiff Cisco Systems, Inc. ("Cisco") and Defendant Dexon Computer, Inc. ("Dexon") have filed many, many administrative motions to seal portions of the parties' confidential or highly confidential material.  This Order addresses the motions to seal that relate to Cisco's Motion for a Preliminary Injunction (dkt. 202) and Cisco's Motion for Leave to File a Second Amended Complaint (dkt. 205).[1]  As more particularly set forth herein, the Court evaluates and resolves each of the parties' sealing requests in these various motions.

I.      **LEGAL STANDARD**

A.      **Good Cause vs. Compelling Reason**

We must first decide the standard for sealing that applies to Cisco's motions and the documents underlying them.  Courts in the Ninth Circuit apply two standards to determine whether to allow a document supporting a motion to remain under seal: the "compelling reasons" standard, Kamakana, 447 F.3d at 1178, or the "good cause" exception, see

---

[1] The docket numbers for these requests to seal are as follows: Dkt. 244, 246, 247, 256, 259, 261, 262, 271, and 273.

Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213–14 (9th Cir. 2002).  Where a motion is "dispositive," or "more than tangentially related to the merits of a case," the "compelling reasons" standard applies. Where the motion is "non-dispositive," or "unrelated, or only tangentially related, to the cause of action," the "good cause" standard applies.  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1098–1102 (9th Cir. 2016).

Dexon contends that, because a preliminary injunction motion is non-dispositive, the Phillips "good cause" standard shall apply, but this argument misunderstands Ninth Circuit precedent on this issue.  In Center for Auto Safety, the Ninth Circuit decided precisely the question to be resolved here: What standard should be applied to a preliminary injunction motion which, while not strictly dispositive, was clearly relevant to the merits of the case. 809 F.3d at 1102.  The Court concluded that the "compelling reasons" standard should apply because the motion was "more than tangentially related to the merits," in part because the relief the movant was seeking—"that Chrysler notify its customers that there was a part in their vehicle which could require replacement and be dangerous if it failed"—was one of the aspects of the ultimate relief plaintiffs sought in the action as a whole.  Id at 1102.  So too here.  In its prayer for relief in its complaint, Cisco seeks to enjoin Dexon from selling counterfeit Cisco products; in its motion for a preliminary injunction, Cisco seeks to enjoin Dexon from selling counterfeit Cisco products.  It would be difficult to find a motion that is more relevant to the merits than this one.

Therefore, any documents put forth in support of that motion—though produced pursuant to a protective order in the Texas Litigation—must meet the more stringent "compelling reasons" standard to remain under seal.[2]

---

[2] This standard also applies to any request to seal a portion of a complaint. See In re NVIDIA Corp. Derivative Litig., 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("[A] request to seal all or part of a complaint must clearly meet the 'compelling reasons' standard and not the 'good cause' standard. While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of.").

B.      **Applying the "Compelling Reasons" Standard**

In considering motions to seal, courts recognize "a strong presumption in favor of access is the starting point." Kamakana, 447 F.3d at 1178 (cleaned up).  A request to seal may be supported by compelling reasons if the documents or portions of documents at issue are "sources of business information that might harm a litigant's competitive standing." Ctr. for Auto Safety, 809 F.3d at 1097; see also Nixon, 435 U.S. at 598.  "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 1179.  Confidential business information in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" can be "compelling reasons" to prevent competitors from leveraging this information to harm the designating parties in future negotiations.  See Exeltis USA Inc. v. First Databank, Inc., No. 17-cv-04810-HSG, 2020 WL 2838812, at *1 (N.D. Cal. 2020) (citation omitted); In re Qualcomm Litig., No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. 2017).

If publicly disclosing that information would harm a designating party's competitive standing and divulge terms of confidential contracts or contract negotiations, compelling reasons may exist to seal that information. See FTC v. Qualcomm Inc., No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).  However, the fact that documents are subject to a protective order, or labeled as confidential under a protective order, is not a compelling reason justifying continued sealing of the document if attached to a dispositive motion.  Foltz, 331 F.3d at 1136; see also Est. of Nunez by & through Nunez v. Cnty. of San Diego, 386 F. Supp. 3d 1334 (S.D. Cal. 2019) ("[A] party does not satisfy the compelling reasons standard to justify sealing documents merely by labeling them as 'CONFIDENTIAL.'").

## II.     DISCUSSION

Under the compelling reasons standard, this Court proceeds to balance the interests of the public in access to judicial records against the parties' interest in sealing those

records. Ctr. for Auto Safety, 809 F.3d at 1092.  We find that the designating parties have satisfied the compelling reasons standard for some sealing requests but failed for others.

As described below, the Court denies the requests in whole or in part where either Cisco or Dexon did not meet its burden to show that the at-issue portion could reveal competitively damaging information sufficient to outweigh the public's presumption of public access to judicial records. Kamakana, 447 F.3d at 1178–79; Epic Games, Inc., 2021 WL 1925460, at *1, 4.  For example, the Court denies several requests where the designated material contains nothing more than conclusory allegations with no business information.  Where the requests are overbroad, the Court orders the parties to tailor the redactions to the competitively damaging information and unseal the rest.

**A.      Cisco's Second Amended Complaint (Dkt. 245)**

Cisco filed an administrative motion to seal confidential Dexon material in its second amended complaint.  Dkt. 244.  Dexon seeks sealing of fifty-two of those statements.[3]  Dkt. 252.  The Court's rulings on these requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|
| Portions of ¶ 33 | Dexon | Proprietary Business Record, containing sales information | GRANTED. |
| Portions of ¶ 35 | Dexon | Proprietary Business Record, containing supplier information | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Portions of ¶ 37 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 38 | Dexon | Confidential Client Communications | GRANTED only as consistent with the |

---

[3] To the extent that Dexon does not seek sealing of any statement for which it is the designating party in Cisco's filings, those shall be unsealed.

4

| | | | redactions proposed in Dkt. 208 at 2, lines 23–28. |
|---|---|---|---|
| Entirety of footnote 1 | Dexon | Confidential Client Communications | GRANTED. |
| Entirety of ¶ 40 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 41 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Heading (4) and entirety of ¶ 60 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 80 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 81 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 82 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 84 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

| | | | 23–28. |
|---|---|---|---|
| Portions of ¶ 85 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 87 | Dexon | Confidential Client Communications | GRANTED. |
| Entirety of footnote 7 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 88 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 89 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 90 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of footnote 8 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 91 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 100 | Dexon | Confidential Client | GRANTED only for |

| | | Communications | the <u>number</u> of licenses listed in line 17 and in line 18.<br><br>DENIED as to the rest of ¶ 100.  Dexon did not meet its burden of showing competitive harm. |
|---|---|---|---|
| Portions of ¶ 101 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Entirety of ¶ 102 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 103 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 104 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Portions of ¶ 105 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Entirety of ¶ 107 | Dexon | Confidential Internal Business Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Entirety of ¶ 108 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines |

United States District Court
Northern District of California

| | | | 23–28. |
|---|---|---|---|
| Entirety of ¶ 109 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 110 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 111 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 115 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 116 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 117 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Entirety of ¶ 118 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Entirety of ¶ 119 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Entirety of ¶ 120 | Dexon | Confidential Client | GRANTED only as |

| | | Communications | consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
|---|---|---|---|
| Entirety of ¶ 121 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 122 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 123 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 127 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 128 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 129 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 130 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| Entirety of ¶ 131 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 132 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Entirety of ¶ 135 | Dexon | Proprietary Business Record, containing supplier information | GRANTED only for the <u>number</u> of SMARTNet Contracts listed in line 21.<br><br>DENIED for the rest of ¶ 135.  Dexon did not meet its burden of showing competitive harm. |
| Portions of ¶ 136 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Portions of ¶ 165 | Dexon | Confidential Client Communications | GRANTED. |
| Portions of ¶ 180 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Entirety of ¶ 184, subparagraphs (i)-(vii) | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Portions of ¶ 184, subparagraph (viii) | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |

| Portions of ¶ 185, subparagraphs (i)-(ii) | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |

For the rulings that reference Dkt. 208, Cisco shall revise the corresponding designated material to redact only customer names (and identifying information), vendor names (and identifying information), and pricing details.

**B.    Cisco's Supplemental Brief in Support of Motion for Preliminary Injunction (dkt. 248)**

Cisco filed an administrative motion to seal confidential Dexon material in its supplemental brief in support of its motion for preliminary judgment (dkt. 247). Dexon seeks sealing of eight of those statements (dkt. 255). The Court's rulings on these requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
| --- | --- | --- | --- |
| Page 4, lines 19–28 | Dexon | Confidential Client Communications | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 5, portions of line 6 | Dexon | Proprietary Business Records | GRANTED. |
| Page 5, portions of line 10 | Dexon | Proprietary Business Records | GRANTED. |
| Page 5, portions of line 13 | Dexon | Proprietary Business Records | GRANTED. |
| Page 5, portions of line 14 | Dexon | Proprietary Business Records | GRANTED. |
| Page 5, portions of line 15 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 5, portions of lines 18–19 | Dexon | Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, |

| | | | lines 24–28. |
|---|---|---|---|
| Page 6, portions of line 2 | Dexon | Proprietary Business Records | GRANTED. |

For the rulings that reference Dkt. 209, Cisco shall revise the corresponding designated material to redact only customer names (and identifying information), vendor names (and identifying information), and pricing details.

### C.     Heidecker Declaration (dkt. 249)

Cisco filed an administrative motion to seal its own confidential material in Exhibit 1 to the declaration of Michael Heidecker, which is attached to Cisco's supplemental brief in support of its motion for preliminary judgment (dkt. 246).  The Court's ruling on that one request is as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|
| Entirety of Exhibit 1 | Cisco | Executive Summary Reports | GRANTED. |

### D.     Nelson Declaration (dkt. 250)

Cisco filed administrative motions to seal its own confidential material (dkt. 246) and confidential Dexon material (dkt. 247) in the declaration of Richard J. Nelson, which is attached to Cisco's supplemental brief in support of its motion for preliminary judgment. Cisco seeks sealing of seven of those statements (dkt. 246).  Dexon seeks sealing of fourteen of those statements (dkt. 255).  The Court's rulings on these requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|
| Portions of ¶ 4 | Dexon | Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |
| Portions of ¶ 5 | Dexon | Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | | lines 24–28. |
|---|---|---|---|
| Portions of ¶ 6 | Dexon | Proprietary Business Records | GRANTED. |
| Portions of ¶ 7 | Dexon | Proprietary Business Records | GRANTED. |
| Portions of ¶ 9 | Dexon | Proprietary Business Records | GRANTED. |
| Portions of ¶ 10 | Dexon | Proprietary Business Records | GRANTED. |
| Page 4, Entirety of Table | Dexon | Proprietary Business Records | GRANTED. |
| Page 5, Entirety of Table | Dexon | Proprietary Business Records | GRANTED. |
| Portions of ¶ 14 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Portions of ¶ 15 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Portions of ¶ 16 | Dexon | Confidential Client Communications | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Entirety of Exhibit 1 | Cisco | Executive Summary Reports | GRANTED. |
| Entirety of Exhibit 2 | Cisco | Executive Summary Reports | GRANTED. |
| Entirety of Exhibit 3 | Cisco | Executive Summary Reports | GRANTED. |
| Entirety of Exhibit 4 | Cisco | Executive Summary Reports | GRANTED. |
| Entirety of Exhibit 5 | Cisco | Executive Summary Reports | GRANTED. |
| Entirety of Exhibit 6 | Cisco | Executive Summary Reports | GRANTED. |
| Entirety of Exhibit 7 | Cisco | Executive Summary | GRANTED. |

| | | Reports | |
|---|---|---|---|
| Entirety of Exhibit 10 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |
| Entirety of Exhibit 11 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |
| Entirety of Exhibit 12 | Dexon | Confidential Client Communications | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |

For the rulings that reference Dkt. 209, Cisco shall revise the corresponding designated material to redact only customer names (and identifying information), vendor names (and identifying information), and pricing details.

**E.    Dexon's Response to Cisco's Supplemental Brief in Support of its Motion for Preliminary Judgment (dkt. 257)**

Dexon filed administrative motions to seal its own confidential material, as well as confidential Cisco material, in its response to Cisco's supplemental brief in support of its motion for preliminary judgment.  See Dkt. 256.  Cisco did not file a statement within seven days of Dexon's motion.  See Civil L.R. 79-5.  The sealing requests—twenty in total—are therefore denied as to Cisco.  However, because Dexon designated its own confidential material in those same twenty statements, this Court will evaluate the requests as to Dexon, ruling as follows:

| Portions of Materials Requested to be Sealed[4] | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|

[4] The page numbers in Dexon's motion to seal do not match up with the redacted portions in Dexon's response.  The Court's rulings, and page numbers in the below chart, are based on those redacted portions.

14

| | | | |
|---|---|---|---|
| Page 1, portion of line 18 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 1, portion of line 22 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 2, portion of line 19 | Dexon | Proprietary Business Records | GRANTED. |
| Page 3, portion of footnote 3 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 4, portion of line 4 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 4, portion of line 7 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 4, portion of line 8–9 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 4, portion of line 11 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 5, line 1 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 5, portion of lines 2–3 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden of showing competitive harm. |
| Page 5, portion of 5–6 | Dexon | Proprietary Business Records | DENIED. Dexon did not meet its burden |

| | | | of showing competitive harm. |
|---|---|---|---|
| Page 5, portion of lines 6–8 | Dexon | Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Page 7, portion of line 15 | Dexon | Confidential Client Communications or Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |
| Page 8, portion of line 1 | Dexon | Confidential Client Communications or Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Page 8, portion of lines 4–6 | Dexon | Confidential Client Communications or Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Page 8, portion of 6–7 | Dexon | Confidential Client Communications or Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Page 8, portion of lines 7–10 | Dexon | Confidential Client Communications or Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |
| Page 8, portion of lines 10–12 | Dexon | Confidential Client Communications or Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |
| Page 8, portion of line 14 | Dexon | Confidential Client Communications or Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |
| Page 8, portion of lines | Dexon | Confidential Client | DENIED.  Dexon did not meet its burden |

United States District Court
Northern District of California

| | | Communications or Proprietary Business Records | of showing competitive harm. |

20–21 (in first column)

For the rulings that reference Dkt. 209, Dexon shall revise the corresponding designated material to redact only customer names (and identifying information), vendor names (and identifying information), and pricing details.

### F.     Lafeber Declaration, Exhibit A, Exhibit B (dkts. 257-1, 257-2, 257-3)

Dexon filed an administrative motion to seal its own confidential material in the declaration of Michael Lafeber and Exhibits A and B, which are attached to its response to Cisco's supplemental brief in support of its motion for preliminary judgment.  Dkt. 256. The Court's rulings on these requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
| --- | --- | --- | --- |
| Lafeber Decl., portion of ¶ 3 | Dexon | Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm |
| Exhibit A | Dexon | Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |
| Exhibit B | Dexon | Proprietary Business Records | GRANTED only as consistent with the redactions proposed in Dkt. 209 at 2, lines 24–28. |

For the rulings that reference Dkt. 209, Dexon shall revise the corresponding designated material to redact only customer names (and identifying information), vendor names (and identifying information), and pricing details.

### G.     Dexon's Response to Cisco's Revised Proposed Injunction (dkt. 260)

Dexon filed an administrative motion to seal its own confidential material, as well as Cisco's confidential material, in its response to Cisco's revised proposed injunction.

United States District Court
Northern District of California

17

Dkt. 259.  Cisco did not file a statement within seven days of Dexon's motion, so the material designated by only Cisco shall be unsealed.  See Civil L.R. 79-5.  The Court's rulings on Dexon's three sealing requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|
| Page 10, portions of lines 12–16 | Dexon | Proprietary Business Records | GRANTED. |
| Page 11, portions of lines 5–9 | Dexon | Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Page 11, lines 9–12 | Dexon | Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm. |

**H.    Kaas Declaration (dkt. 260-1)**

Dexon filed an administrative motion to seal its own confidential material in the declaration of Leo Kaas, attached to its response to Cisco's revised proposed injunction. Dkt. 259.  The Court's rulings on Dexon's three requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|
| Page 2, ¶ 6 | Dexon | Proprietary Business Records | GRANTED. |
| Page 3, portions of ¶ 10 | Dexon | Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm. |
| Page 3, ¶ 11 | Dexon | Proprietary Business Records | DENIED.  Dexon did not meet its burden of showing competitive harm. |

**I.    Cisco's Motion to Strike (dkt. 263)**

Cisco filed an administrative motion to seal its own confidential material (dkt. 261), as well as confidential Dexon material (dkt. 262), in its motion to strike Dexon's

supplemental brief. Cisco seeks sealing of two of those statements. Dkt. 261. So does

Dexon. Dkt. 267. The Court's rulings on these requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|
| Page 3, lines 25–28[5] | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Page 4, lines 1–20[6] | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Page 5, portions of line 27 | Dexon | Proprietary Business Records | GRANTED. |
| Page 5, portions of line 28 | Dexon | Proprietary Business Records | GRANTED. |

### J.     Nelson Declaration (dkt. 263-1)

Cisco filed an administrative motion to seal its own confidential material in the

declaration of Richard J. Nelson, attached to its motion to strike Dexon's supplemental

brief. Dkt. 261. The Court's rulings on these nine requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|
| Entirety of ¶ 6(a) | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Entirety of ¶ 6(b) | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Entirety of ¶ 6(c) | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Entirety of ¶ 6(d) | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Entirety of ¶ 6(e) | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Entirety of ¶ 6(f) | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Entirety of ¶ 6(g) | Cisco | Details of Proprietary Business Tool | GRANTED. |

---

[5] This page number is based on the redacted portions in Cisco's motion to strike. Dkt. 263. It appears that the page number in Cisco's motion to seal (dkt. 261) was a typo.
[6] See supra note 3.

United States District Court
Northern District of California

| Entirety of ¶ 6(h) | Cisco | Details of Proprietary Business Tool | GRANTED. |
| Entirety of ¶ 7 | Cisco | Details of Proprietary Business Tool | GRANTED. |

### K.      Exhibit to Dexon's Response to Cisco's Motion to Strike (dkt. 274-4)

Dexon filed an administrative motion to seal confidential Cisco material in Exhibit C to its response to Cisco's motion to strike (dkt. 273).[7]  Cisco did not file Redaction Request by September 6, 2023.  See Minute Order, Dkt. 265.  Nor did it file a statement within seven days of Dexon's motion.  See Civil L.R. 79-5.  Therefore, this material shall be unsealed.

### L.      Dexon's Partial Answer to Cisco's Amended Complaint (dkt. 272)

Dexon files an administrative motion to seal its own confidential material in its partial answer to Cisco's second amended complaint.  Dkt. 271.  The Court's rulings on Dexon's ten requests are as follows:

| Portions of Materials Requested to be Sealed | Designating Party | Reasons Proffered for Sealing | Ruling |
|---|---|---|---|
| Page 8, lines 4–5 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED only as consistent with the redactions proposed in Dkt. 208 at 2, lines 23–28. |
| Page 11, portions of lines 17–18 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED. |
| Page 11, portions of lines 22–23 | Dexon | Confidential Client Communications, Proprietary Business | GRANTED. |

---

[7] This document is the transcript of the July 14, 2023 hearing before this Court.

| | | | |
|---|---|---|---|
| | | Records, and Confidential Internal Business Communications | |
| Page 12, portions of line 1 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED. |
| Page 12, portions of line 10 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED. |
| Page 12, portions of line 21 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED. |
| Page 14, portions of line 21 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED. |
| Page 14, portions of line 25 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED. |

| Page 15, portions of line 2 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED. |
|---|---|---|---|
| Page 15, portions of line 13 | Dexon | Confidential Client Communications, Proprietary Business Records, and Confidential Internal Business Communications | GRANTED. |

For the rulings that reference Dkt. 208, Dexon shall revise the corresponding designated material to redact only customer names (and identifying information), vendor names (and identifying information), and pricing details.

## III.   CONCLUSION

The Court's rulings are reflected in the charts included throughout this Order.

The moving party shall publicly file revised versions of the documents pursuant to this Order and Civil Local Rule 79-5(g) within 21 days of this Order.

For each ruling that refers to Dkt. 208 or Dkt. 209, the revised designated material shall only redact customer names (and identifying information), vendor names (and identifying information), and pricing details.  See sections A, B, D, E, F, and L.

This Order disposes of Docket Nos. 244, 246, 247, 256, 259, 261, 262, 271, and 273.

**IT IS SO ORDERED.**

Dated: September 14, 2023

_____
CHARLES R. BREYER
United States District Judge